FIRST UNIVERSALIST SOCIETY IN SALEM *vs.* EDWARD S. BRADFORD.

Essex.     November 5, 1903. — March 30, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Tax,* On collateral inheritances.

The exemption from the succession tax imposed by St. 1891, c. 425, § 1, (R. L. c. 15, § 1,) of gifts "to or for the use of charitable, educational or religious societies or institutions, the property of which is by law exempt from taxation," exempts bequests and devises to a society or institution whose property is generally exempt from taxation, whether the particular gift when in the hands of the society or institution will be exempt from taxation or not.

A bequest or devise to a religious society is not subject to a succession tax under St. 1891, c. 425, § 1, (R. L. c. 15, § 1,) and this rule applies to a devise to a religious society of land and a dwelling house "to be used and occupied only as a parsonage", which would be taxable to the religious society when thus used and occupied.

BILL IN EQUITY, filed June 8, 1901, in the Probate Court for the County of Essex by the First Universalist Society in Salem, praying for the determination of the question of its liability to pay to the Commonwealth a succession tax under St. 1891, c. 425, of five per cent on the value of certain real estate devised to the plaintiff by the will of Walter S. Dickson, late of the town of Hamilton.

The Probate Court found that the plaintiff was a religious society, duly incorporated, whose property is by law exempt from taxation, and made a decree that the real estate in question was not subject to the tax.

On appeal the case came on to be heard before *Morton*, J., who, by agreement of the parties, reserved it for determination by the full court. ·

The case was submitted on briefs at the sitting of the court in November, 1903, and afterwards was submitted on briefs to all the justices.

*W. H. Rollins*, for the plaintiff.

*F. B. Greenhalge*, Assistant Attorney General, for the defendant.

LORING, J. Walter S. Dickson, by his last will and testament, which was duly admitted to probate in June, 1900, devised to the First Universalist Society in Salem a parcel of land " with the dwelling house and outbuildings thereon (the same being used and occupied by me as a homestead) to be used and occupied only as a parsonage for said Church, and for the same purpose I give said Church all the carpets in my said homestead and all the furniture therein not otherwise disposed of by me."

The treasurer of the Commonwealth claims that a succession tax is due on this devise and bequest under St. 1891, c. 425, § 1. (Now R. L. c. 15, § 1.) ·The devisee claims that the devise and bequest come within the clause excepting from the operation of the act property which shall pass " to or for the use of charitable, educational or religious societies or institutions, the property of which is by law exempt from taxation."

This clause of exemption does not find in our statutes the counterpart which its language would lead one to expect. There is no clause in the general laws exempting the property of charitable, educational and religious societies or institutions from

taxation. More than that, there is no clause which in terms deals with the exemption from taxation of the property of charitable and educational institutions.

The only act, in June, 1900, which applied to charitable and educational institutions was St. 1889, c. 465, now R. L. c. 12, § 5, cl. 3. That act applies to "literary, benevolent, charitable and scientific institutions and temperance societies," and provides that the personal property of such institutions and societies incorporated within the Commonwealth, and the real estate belonging to them and occupied by them or their officers for the purpose for which they were incorporated shall be exempt, with a proviso that none of the real or personal estate of such corporations shall be exempt "when any portion of the income or profits of the business of such corporations is divided among their members or stockholders or used or appropriated for other than literary, educational, benevolent, charitable, scientific or religious purposes." Where the income of property is used to support the institution the property of such institutions is exempt under the act when invested in personal securities, but is taxable when invested in real estate.

The property of religious societies did not come within this act, but was dealt with by Pub. Sts. c. 11, § 5, cl. 7, now R. L. c. 12, § 5, cl. 7. That clause provides that "houses of religious worship owned by a religious society, or held in trust for the use of religious organizations, and the pews and furniture (except for parochial purposes)" shall be exempt. Both the personal and real property of a religious society is taxable, even although the income is used to support religious worship. See Pub. Sts. c. 11, § 22 (now R. L. c. 12, § 25); *Greene Foundation* v. *Boston*, 12 Cush. 54; *Boston Society of Redemptorist Fathers* v. *Boston*, 129 Mass. 178; and this applies to real estate used as a parsonage. *Third Congregational Society of Springfield* v. *Springfield*, 147 Mass. 396.

The contention of the treasurer is that the exemption clause in question is to be construed to provide that property which shall pass to or for the use of charitable, educational or religious societies or institutions is to be exempt to the extent to which the property of such societies or institutions is exempt by general laws of taxation.

But we are of opinion that the exemption depends upon this question : Is the society or institution one whose property is generally exempt from taxation ; and that the question is not : Is the property which passes to the society or institution one which will be exempt from yearly taxation under general laws.

In stating what the test is we have stated that it is whether the property of the society or institution is generally exempt from taxation, because no charitable, educational or religious society or institution is wholly exempt from taxation, as has already appeared.   There are or may be charitable or educational institutions none of whose property is exempt, namely, institutions where " any portion of the income or profits of the business of such corporations is divided among their members or stockholders or used or appropriated for other than literary, educational, benevolent, charitable, scientific or religious purposes."   It evidently was intended to exclude these from this clause of exemption.

The objection to the construction which the treasurer is contending for is in the first place that it is not what the language used means.   The act provides that property which passes to charitable, educational or religious societies or institutions " the property of which is by law exempt from taxation " shall be exempt from a succession tax ; it does not provide that property which passes to such societies or institutions shall be exempt to the extent to which the property passing to them will be exempt from taxation when held by them.   To adopt the construction here contended for is to read into the act a clause which is not there.   In the second place, the thing dealt with by the two exemptions is altogether different.   Exemption from the succession tax deals with the passing of property to a legatee or devisee ; the exemption from yearly taxation deals with the holding of property.   That is to say, the exemption from yearly taxation is based upon the purpose for which property is held.   As a rule, a legacy or devise is not given for a purpose.   For that reason it would be difficult to apply the exemption from yearly taxation to the passing of property, and we do not think that the Legislature intended to adopt that as the test of exemption in case of the succession tax.

It happens in the case at bar that the property is devised and

bequeathed for a parsonage; that is to say, it happens in the case we have before us that the way in which and the purpose for which the property devised and bequeathed is to be held is stated and established. But this is an accident, and an accident which is not only the exception rather than the rule, but is a rare exception. In most cases real estate is devised or personal property bequeathed to charitable, educational or religious societies or institutions with a full right in the society or institution to use or transfer and convey it as it may please. There is no reason for supposing that the Legislature thought the form in which the property passes to it to be significant. There is no reason for supposing that, in case of a devise or a legacy to an educational institution which can be changed by it the next day, the liability to a succession tax is to be determined by the fact that the devise or legacy comes to the institution as personal property, in which case it would not be taxable under the rule contended for by the treasurer, in place of coming to it as real estate, in which case it would be taxable under that rule.

And again, there is no reason to suppose that the Legislature intended that a succession tax should be imposed on a legacy to a religious society but not on a legacy to an educational institution. Yet if the contention of the treasurer is right, this result would follow, for the personal property of an educational institution is exempt while the personal property of a religious society is subject to yearly taxation.

For these reasons we are of opinion that the test is this: Is the society or institution one whose property is generally exempt from taxation? Their houses of religious worship are the principal property held by religious societies, and we are of opinion that a devise to a religious society is a devise to a society whose property is generally exempt from taxation and is not subject to a succession tax.

*Decree affirmed.*