INHABITANTS OF MILFORD *vs.* COUNTY COMMISSIONERS OF WORCESTER.

Worcester.    September 30, 1912. — November 27, 1912.

Present: RUGG, C. J., MORTON, LORING, BRALEY, & DECOURCY, JJ.

*Tax,* Abatement, Exemption. *Statute,* Construction. *Charity.*

A person aggrieved by an assessment of a tax on personal property is not required to pay the tax under protest and sue to recover the amount paid, but may proceed in the first instance by a petition for an abatement.

Under St. 1909, c. 490, Part I, § 76, a finding of fact by a board of county commissioners, upon a petition for the abatement of a tax, that there was good cause for delay in bringing in to the assessors the list required by the statute, raises no question of law upon the record which is open to review upon a writ of certiorari, and this applies to a finding that an omission to bring in such a list by a corporation seeking exemption from taxation under the provisions of St. 1909, c. 490, Part I, § 5, cl. 3, was not wilful.

A statute providing an exemption from taxation should be construed strictly.

Whether a private cemetery corporation, none of whose officers receive compensation, which is not required by law to maintain a burial place for the public or for any general class other than those to whom it has sold lots but always has maintained a cemetery of great benefit to the public, which has un-

restricted power to limit its membership but never has done so, and obtains funds for its maintenance and the maintenance of lots of its members from sales of lots and voluntary gifts, is a charitable corporation, here was not decided.

The personal property of a private cemetery corporation is not exempted from taxation by St. 1909, c. 490, Part I, § 5, cl. 3, relating to the exemption from taxation of property of literary, benevolent, charitable and scientific institutions.

PETITION, filed on January 5, 1911, for a writ of certiorari to review the proceedings of the county commissioners of Worcester County in abating a tax on personal property assessed for the year 1910 by the assessors of the town of Milford to the Proprietors of the Pine Grove Cemetery of Milford, a Massachusetts corporation.

The ground on which the county commissioners abated the tax was that they found the corporation to be a charitable institution within the meaning of St. 1909, c. 490, Part I, § 5, cl. 3, and therefore, under the provisions of that clause, exempted from taxation.

The petitioner objected to the finding of the county commissioners as stated in its petition, on four grounds, contending (1) that the county commissioners had no jurisdiction and could not lawfully act in the matter because the Proprietors of the Pine Grove Cemetery had not paid the tax before commencing its proceedings before the county commissioners for an abatement thereof; (2) that the county commissioners wrongly found that the Proprietors of the Pine Grove Cemetery was a charitable institution; (3) that the county commissioners wrongly found that there was reasonable cause for delay on the part of the Proprietors of the Pine Grove Cemetery in filing the list required under St. 1909, c. 490, Part I, § 41; (4) that the county commissioners could not lawfully abate the tax because the Proprietors of the Pine Grove Cemetery had not in fact filed the statement required under St. 1909, c. 490, Part I, § 41, for charitable corporations.

Other facts are stated in the opinion.

The case was reserved by *Rugg*, C. J., for determination by the full court.

The case was submitted on briefs.

*J. C. Lynch & W. A. Murray*, for the petitioner.

*R. B. Dodge, W. J. Taft & W. Williams*, for the respondents.

Rugg, C. J. This is a petition for a writ of certiorari. It brings under review the record of the county commissioners of Worcester County in granting an abatement of taxes assessed upon certain personal property of the Proprietors of the Pine Grove Cemetery of Milford.

1. The person assessed was not required to pay the tax and sue to recover it back, but might seek an abatement in the first instance. *Ingram* v. *Cowles*, 150 Mass. 155. *Milford Water Co.* v. *Hopkinton*, 192 Mass. 491, 498.

2. The commissioners found, under St. 1909, c. 490, Part I, § 76, that there was good cause for delay on the part of the corporation in filing the list required by law. This was a fact, and there is nothing to show that any error was committed in ascertaining it. No question of law touching it appears in the record.

3. The same observation applies to the contention that the failure to bring in the list required by St. 1909, c. 490, Part I, § 41, was fatal to the right of the corporation to an abatement. *Masonic Education & Charity Trust* v. *Boston*, 201 Mass. 320, 326.

4. The real issue is whether the personal property of the Proprietors of the Pine Grove Cemetery is exempt under St. 1909, c. 490, Part I, § 5, cl. 3, which relieves from taxation the personal property of "benevolent" and of "charitable" institutions. The facts stated in the return of the county commissioners in substance are that the corporation was organized under St. 1841, c. 114, in 1850, and about that time acquired a considerable tract of land which has been dedicated to cemetery purposes, and which is well and carefully kept to this end. There is no limitation in the charter or by-laws as to the persons who may purchase lots, and the right to purchase has been open to the public, and each purchaser has become a member of the corporation. For many years the cemetery was maintained largely by contributions and by the profits from fairs and entertainments. But recently the sales of lots and gifts have supplied funds sufficient for its maintenance. Lots have been sold on condition that a part of the purchase price shall be added to a fund to provide for their perpetual care, and for the support of paths and drives and other parts of the cemetery of common benefit to all lot owners. None of the officers receives compensation. The cemetery is a great benefit to the public, and has been and is maintained solely for

that purpose. The corporation is not required by law to maintain a burial place for the public or for any general class other than those to whom lots are sold, and its power is unrestricted to limit its membership. It has been held that there is no ground for calling a cemetery corporation, such as the one here in question, a charitable corporation. *Donnelly* v. *Boston Catholic Cemetery Association*, 146 Mass. 163. See *Hopkins* v. *Grimshaw*, 165 U. S. 342, 352, 353. But without placing the decision upon this ground, we are of opinion that a general view of the tax exemption laws manifests a legislative purpose not to include cemetery corporations under the designation of charitable or benevolent institutions.

An exemption from taxation is an extraordinary grace of the sovereign power, and is to be strictly construed. It must be made to appear plainly, either by the express words or necessary intendment of the statute. The constitutional limitations upon the legislative power in this direction have not been discussed much by this court. *Day* v. *Lawrence*, 167 Mass. 371. *Opinion of the Justices*, 195 Mass. 607. It is beyond doubt that exemption of land set apart for the burial of the dead and of the property of literary, benevolent and charitable institutions encounter no constitutional objection. It is an elementary rule of statutory interpretation that acts of the legislative department of government are to be construed as a whole. This is especially true of a comprehensive statutory scheme covering in detail an entire subject and designed to express a general and complete legislative purpose such as our law relating to taxation. Clause 8 of § 5, Part I, of c. 490, St. 1909, expressly exempts from taxation "cemeteries, tombs and rights of burial, so long as they shall be dedicated to the burial of the dead." The same section exempts various other classes of property, including the real and personal estate of incorporated agricultural societies and portions of that belonging to horticultural societies, the real and personal estate to a limited amount of incorporated Grand Army and veteran associations, houses of religious worship, with pews and furniture, as well as the personal property of literary, benevolent, charitable and scientific institutions and of incorporated temperance societies.

It is obvious, from this arrangement of the statute relating to

exemptions, that it was the intention of the Legislature not to include under a general exemption property devoted to uses which by another clause of the section was given a special and more limited exemption. Some of these exemptions are of property of charitable institutions; for example, houses of religious worship, not held by their proprietors for the use of pew-holders rather than the public, are held for charitable purposes. *Sears* v. *Attorney General,* 193 Mass. 551, 554, 555. But it is apparent that all property devoted by charitable corporations to religious uses is not exempt from taxation. Both the real and personal property of a religious society, although undoubtedly a charitable corporation, is subject to taxation, except only such real estate as is expressly exempted. ·St. 1909, c. 490, Part I, § 5, cl. 7, and § 25. *First Universalist Society in Salem* v. *Bradford,* 185 Mass. 310, 312, and cases there cited. If the Legislature had intended to exempt from taxation all the real and personal property of cemetery corporations, it hardly would have made the express exemption of cemeteries, tombs and rights of burial so long as dedicated to the burial of the dead. The history of the statute confirms this view. The first special statute of which we are aware authorizing a corporation to establish a cemetery was St. 1831, c. 69, by which the Massachusetts Horticultural Society was empowered to dedicate any part of its real estate for a cemetery. This act, however, contained no exemption from taxation. The Proprietors of the Cemetery of Mount Auburn was created a corporation by St. 1835, c. 96, section 12 of which exempted from taxation its cemetery, but not its .personal property. After the enactment of the Rev. Sts. c. 7, § 5, clause 2 of which exempted from taxation real and personal property of charitable institutions, numerous other acts of incorporation of private cemeteries were passed, all of which authorized the holding of both real and personal estate, but exempted from taxation only the land devoted to burial purposes.*

St. 1841, c. 114, was the first general law for the incorporation of proprietors of cemeteries. But this act exempted from taxation only burial places so long as they remained dedicated to that

---

* Sts. 1836, c. 46, § 5; 1837, c. 130, § 4; 1839, c. 22, § 5; 1840, c. 4, § 5; 1840, c. 91, § 5; 1838, c. 20, § 5; 1838, c. 17, § 3; 1841, c. 2, § 5.

use, and did not exempt other real and personal property which such corporations were empowered to hold. This special exemption has continued in successive revisions of the general law to the present time. Gen. Sts. c. 11, § 5, cl. 8. Pub. Sts. c. 11, § 5, cl. 8. R. L. c. 12, § 5, cl. 8. St. 1909, c. 490, Part I, § 5, cl. 8. If it had been supposed by the Legislature that these corporations were charitable, and if it had been intended that their exemption from taxation should stand on that basis, it is inconceivable that such pains would have been taken through so many years as to a special and limited exemption confined to land devoted to cemeteries.

This review of the statutes demonstrates that so far as exemption from taxation is concerned cemetery corporations have been treated as a class by themselves. The Legislature has not intended that they be included under the general language which may be employed in other parts of the statute. It follows that the personal property of private cemetery corporations is not exempted from taxation under the clause relating to benevolent and charitable institutions, and that the county commissioners erred in granting the abatement.

*Writ of certiorari to issue.*