ALEXANDER H. BULLOCK, trustee, *vs.* COMMISSIONER OF CORPORATIONS AND TAXATION.

Suffolk.  March 1, 1927. — May 24, 1927.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Tax*, Succession.  *Corporation*, Cemetery, Charitable, Religious.

A gift by will to a cemetery corporation "for the erection, ornamentation and furnishing of a chapel suitable for the holding therein of burial services," to be located in the cemetery owned by the corporation, is not exempt from the succession tax under G. L. c. 65, § 1, the gift not being for a charitable purpose and the corporation being neither a charitable nor a religious institution.

PETITION, filed in the Probate Court for the county of Suffolk on May 26, 1925, and afterwards amended, for the abatement of a legacy and succession tax.

The respondent demurred. The demurrer was heard by *Prest,* J., and was sustained, and the petition was dismissed. The petitioner appealed.

The case was submitted on briefs.

*F. H. Dewey, Jr.,* for the petitioner.

*A. K. Reading,* Attorney General, *& M. F. Weston,* Assistant Attorney General, for the respondent.

CARROLL, J. By the will of Ellen F. Kennedy, the residue of her estate was given in trust to the petitioner, and to Walter S. G. Kennedy, her husband, to pay the net income to her husband during his life and on his death to pay over (together with other payments to other remaindermen) $75,000 of the principal of the trust fund to the Proprietors of the Rural Cemetery in Worcester for the erection, ornamentation and furnishing of a chapel suitable for the holding therein of burial services, the chapel to be erected in the cemetery of said proprietors in Worcester. Walter S. G. Kennedy died in June, 1924. The respondent assessed a legacy and succession tax of $5,240 on the gift to the said proprietors. The tax was paid by the petitioner under protest, on August 16, 1924.

It is alleged in the amended petition for an abatement of the tax, that the gift was upon a trust for charitable purposes, to be carried out within the Commonwealth, and has been accepted by the proprietors of the cemetery; that the property of the proprietors is exempt from taxation by the laws of the Commonwealth; that the "Proprietors of the Rural Cemetery in Worcester is a religious society or institution within the meaning of Section 1 of Chapter 490, Part IV, of the Acts of 1909, as amended"; that the gift is exempt from taxation. It is also alleged that many cemetery corporations have erected chapels in their cemeteries "for funeral services of a religious nature in connection with funerals or burials." The respondent demurred to the petition. The demurrer was sustained, the petition was dismissed, and the petitioner appealed.

The legacy and succession tax, St. 1916, c. 268, § 1, (now G. L. c. 65, § 1) exempted gifts "to or for the use of charitable, educational or religious societies or institutions, the property of which is by the laws of this Commonwealth exempt from taxation or for or upon trust for any charitable purposes, to be carried out within this Commonwealth." The petitioner contends that the gift of Mrs. Kennedy is upon a trust for charitable purposes to be carried out within this Commonwealth.

The Proprietors of the Rural Cemetery in Worcester is a cemetery corporation established under St. 1838, c. 17. By this statute the corporation was authorized to grant and convey to any person or persons the sole and exclusive right of burial and of erecting tombs, and of ornamenting any designated lot upon such terms as the corporation shall prescribe. Authority was given the corporation to take and hold by grant, devise or bequest any property, in trust, to apply the same or the income thereof to the improvement of the cemetery, according to the terms of the grant. The Supreme Judicial Court, or any other court having equity jurisdiction, was given the power to compel the execution of the trust.

To create a charity, as distinguished from a mere trust, the benefit must be conferred on an indefinite number of persons. *Jackson* v. *Phillips*, 14 Allen, 539, 556. *Kent* v. *Dunham*, 142 Mass. 216, 217. *Burbank* v. *Burbank*, 152 Mass. 254, 256. There are decisions, however, where a gift for a charitable purpose, public in its nature, has been upheld, although the gift was to a definite class. See *Minns* v. *Billings*, 183 Mass. 126; *Attorney General* v. *Bedard*, 218 Mass. 378; *Sherman* v. *Shaw*, 243 Mass. 257. A fund for the "benefit of the widows and orphan children that may be left by the future ministers of this church," was held to be a valid charity. *Sears* v. *Attorney General*, 193 Mass. 551, 552, 555. In the course of the opinion in that case, in considering the statement of the court in *Attorney General* v. *Federal Street Meeting-House*, 3 Gray, 1, 49, to the effect that the grant was for the use of the members and proprietors who might be pew-holders, and not for the public, it was

stated, "This ground of decision, which seems to have been given weight in some of the cases, is not according to the conditions existing in modern churches. Most churches are not only open to the public, but their proprietors seek to promote religion and morality among the people generally."

Mrs. Kennedy's gift was not to the public, or to a church. It was a gift to the Proprietors of the Rural Cemetery in Worcester "for the erection, ornamentation and furnishing of a chapel suitable for the holding therein of burial services," to be located in the cemetery owned by the corporation. Even if there is nothing in the will restricting those who may attend the services in the chapel, it is to be assumed that the burial services are limited to the members or lot owners in the cemetery. Such a trust is for the benefit of a definite number or class of persons and is not a charity. This principle was applied in *Donnelly* v. *Boston Catholic Cemetery Association*, 146 Mass. 163, 166, where the corporation, as in the case at bar, was authorized to lay out the real estate into lots and to grant to any person the sole and exclusive right of burial. It was there decided that the cemetery association was not a charitable corporation. "The purpose of the charter is to secure permanent care of graves, and such advantages to the persons interested as may be deemed incident to burial in such a cemetery. The beneficiaries are a definite number of persons clearly pointed out by law." In *Milford* v. *County Commissioners*, 213 Mass. 162, it was held that the personal property of a private cemetery association was not exempt from taxation under the clause of the statute exempting property of charitable and benevolent institutions. See now G. L. c. 59, § 5, cls. 12, 13. In *Proprietors of Mount Hope Cemetery* v. *Boston*, 158 Mass. 509, it was decided that the Mount Hope Cemetery, owned by the city of Boston, was a private and not a public corporation. See *Attorney General* v. *Clark*, 167 Mass. 201, 203, 204. As the corporation is not required to maintain a burial place for the public, or for any one other than the lot owners, and it may limit its membership, the gift of Mrs. Kennedy was not "for or upon a trust for a charitable purpose to be carried out within the Commonwealth." *Donnelly* v. *Boston*

*Catholic Cemetery Association, supra. Milford* v. *County Commissioners, supra.*

The petitioner also contends that the bequest comes within the exemption, "to or for the use of charitable, educational or religious societies or institutions, the property of which is by the laws of the Commonwealth exempt from taxation." G. L. c. 65, § 1. The property of the Proprietors of the Rural Cemetery in Worcester is exempt from taxation under the general tax statute. G. L. c. 59, § 5, cls. 12, 13. See *First Universalist Society in Salem* v. *Bradford,* 185 Mass. 310. But the corporation is not a charitable corporation entitled to an exemption from the legacy and succession tax under G. L. c. 65, § 1. *Milford* v. *County Commissioners, supra.* See *Donnelly* v. *Boston Catholic Cemetery Association, supra.* Nor is it an educational society; nor a religious society or institution as that term is used in the legacy and succession tax statute. The corporation was organized as a cemetery; its dominant purpose was not religious, even if religious services accompany the burial of the dead and many cemetery corporations have erected chapels which are used for funeral services. Exemption from taxation is to be strictly construed. *Milford* v. *County Commissioners, supra.*

Religious societies and cemetery corporations, as well as charitable societies, have been separately dealt with by the Legislature. Religious societies organized under the general law are governed by G. L. c. 67. Corporations for charitable, benevolent and religious purposes may be organized under G. L. c. 180. Cemetery corporations may be incorporated under G. L. c. 114. By clause 11 of G. L. c. 59, § 5, houses of religious worship with their pews and furniture are exempt from taxation; in clause 12 cemeteries are dealt with; and in clause 13 personal property held by cities, towns, religious societies and cemeteries "for the care and maintenance of burial chapels," is exempted, this language indicating a distinction between religious societies and cemetery corporations. In our opinion the Proprietors of the Rural Cemetery in Worcester is not a religious society; its purpose is not strictly religious and the Legislature did not intend, in framing the exemption from the legacy and succes-

sion tax, to include a cemetery corporation within the meaning of charitable, educational, or religious societies as designated in the statute. *Proprietors of Rural Cemetery* v. *County Commissioners*, 152 Mass. 408, and *Green* v. *Hogan*, 153 Mass. 462, are not in conflict with this decision.

*Decree affirmed.*