GEORGE L. CRAIG, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9819.   Promulgated March 26, 1928.

*Edward B. Scull, Esq.*, for the petitioner.
*V. J. Heffernan, Esq.*, for the respondent.

OPINION.

MILLIKEN: The first issue was decided by the Board in *George L. Craig et al.* v. *Commissioner*, 7 B. T. A. 504, and petitioner in the brief filed in his behalf in this proceeding states that it is no longer urged.

Depreciation should be computed on the values and at the rates set forth in the findings of fact.

The third issue presents the question whether the value of the gift made by petitioner to Sewickley Cemetery is deductible from his gross income for the taxable year under the provisions of section 214 (a) (11) (B) of the Revenue Act of 1921, which provides:

SEC. 214. (a) That in computing net income there shall be allowed as deductions:

*     *     *     *     *     *     *

(11) Contributions or gifts made within the taxable year to or for the use of: * * * (B) any corporation, or community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, including posts of the American Legion or the women's auxiliary units thereof, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual; * * *

Petitioner insists that Sewickley Cemetery is a corporation organized and operated exclusively either for charitable purposes or for religious purposes; that the word " charitable " is used in section 214 (a) (11) (B) in the generally accepted legal sense; and that a cemetery not operated for profit is either a charitable or religious organization. There is serious doubt whether a cemetery such as the one here involved is a charity within the generally accepted legal meaning of that word. See *Donnelly* v. *Boston Catholic Cemetery*

*Association*, 146 Mass. 163; 15 N. E. 505, where Judge Holmes held that a cemetery not operated for a private gain was not a charity in the sense that it was not liable for its torts. However this may be, we are of the opinion that the question should be answered by ascertaining, if possible, the sense in which Congress used the words and that for this purpose we may look to other provisions of the Revenue Act of 1921 and similar provisions in other revenue acts which were enacted both prior and subsequent to the Revenue Act of 1921. Cf. *Tiger* v. *Western Investment Co.*, 221 U. S. 286; *Cope* v. *Cope*, 137 U. S. 682; and *United States* v. *Freeman*, 3 How. 556. Thus we find that it is provided in section 231 of the Revenue Act of 1921:

SEC. 231. That the following organizations shall be exempt from taxation under this title—

\*    \*    \*    \*    \*    \*    \*

(5) Cemetery companies owned and operated exclusively for the benefit of their members or which are not operated for profit; and any corporation chârtered solely for burial purposes as a cemetery corporation and not permitted by its charter to engage in any business not necessarily incident to that purpose, no part of the net earnings of which inures to the benefit of any private stockholder or individual;

(6) Corporations, and any community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual; \*  \*  \*.

Here Congress placed in one paragraph cemeteries not operated for gain and in a distinct and separate paragraph corporations created and operated for charitable or religious purposes, thus indicating that the latter terms did not include the former. Without further elaboration on this point, it is sufficient to point out that the precise question before us was decided by the United States District Court for the District of Massachusetts in *Schuster* v. *Nichols*, 20 Fed. (2d) 179, in an opinion which elaborately discusses the question involved and in which we concur. There the question was whether a taxpayer had the right to deduct, to the extent prescribed by the statute, contributions made in the years 1918, 1919, 1920, and 1921 to a cemetery company similar to Sewickley Cemetery. The learned judge, in referring to the fact that in *Milford* v. *Commissioners of Worcester County*, 213 Mass. 162; 100 N. E. 60, the court, in holding that a cemetery corporation was not exempt from taxation, had placed its decision not on the ground whether such an organization was a charity, but on the ground that a review of the Massachusetts statutes demonstrated that in so far as exemption from taxation was concerned, cemetery corporations had been treated as a class by themselves, stated: " I am of opinion that the decision in the case now before me can be well disposed of on the same ground." After

quoting from section 214 (a) (11) of the Revenue Act of 1918, and section 214 (a) (11) (B) of the Revenue Act of 1921, the learned judge said:

\* \* \* On any question of interpretation it is permissible to resort to the provisions of the whole act, in order to ascertain therefrom what meaning dubious language is intended to convey. *Milford* v. *County Commissioners of Worcester, supra.*

The provisions of Section 231 of the Revenue Acts (Comp. St. § 6336⅛o) also furnish unmistakable indication that it was not the intention of those who enacted the laws to bring cemetery corporations within the class of corporations devoted to charitable purposes. This section deals with the exemption of certain corporations from the corporation income tax. Clause 6 of the section exempts corporations "organized for religious, charitable, scientific, literary or educational purposes"; but, notwithstanding that charitable corporations were included among the corporations exempt under clause 6, it was deemed necessary to incorporate another clause (clause 5) expressly relieving cemetery corporations from the burden of the tax.

\*　　\*　　\*　　\*　　\*　　\*　　\*

My conclusion is, therefore, that the East Douglas Evergreen Cemetery Company, to which the plaintiff made his contributions, was not a corporation organized and operated exclusively for charitable purposes within the meaning of the applicable Revenue Acts, and that the action of the Commissioner of Internal Revenue in disallowing the deductions was correct.

While the reasoning in the above opinion disposes of the question herein involved, it is pertinent to point out that from the very inception of the income-tax legislation under the Sixteenth Amendment, Congress has always placed cemetery companies not operated for private gain in a category separate and apart from charitable or religious organizations. Thus, the Revenue Act of 1913, while exempting charitable and religious corporations from taxation, made the further provision for the exemption of cemeteries not operated for the benefit of their members. Similar provisions are found in the Revenue Act of 1916. In neither of these Acts was any deduction allowed for contributions or gifts of any character. The first deduction of this kind is to be found in the Revenue Act of 1917 (section 1201, amending section 5 of the Revenue Act of 1916) where provision is made for the deduction to a limited extent of gifts and contributions to certain corporations, including those organized and operated for charitable or religious purposes, but which does not in terms include cemeteries not operated for the benefit of their members. Congress had in the two previous Acts specifically stated what corporations were exempt from taxation and had separated into two distinct classes corporations of a charitable or religious nature and cemeteries which were operated without profit to their members. It is a significant fact that with this classification already incorporated in the taxing acts, Congress, when making provision for deduction of

gifts and contributions from gross income, included the one but failed to include the other.

Similar provisions of the Revenue Acts of 1918 and 1921 are discussed in *Schuster* v. *Nichols, supra*. In the Revenue Acts of 1924 and 1926, we find that in section 231 charitable and religious corporations are placed in one paragraph and such cemeteries in another, and that while section 214 of each Act provides for the deduction of gifts and contributions made to one class, it makes no such provision as to gifts and contributions to the other. Having thus reviewed the right of individual taxpayers to deduct gifts and contributions, we turn now to the provisions relative to the taxation of trusts and estates. Section 219 (b) of the Revenue Act of 1918, provides that a fiduciary shall be allowed as a deduction (among others) " any part of the gross income which, pursuant to the terms of the will or deed creating the trust, is during the taxable year paid to or permanently set aside for * * * any corporation, organized and operated exclusively for religious, charitable, * * * purposes * * *, no part of the earnings of which inures to the benefit of any private stockholder or individual." No reference is made to cemeteries similar to Sewickley Cemetery. Similar provisions are found in section 219 (b) of the Revenue Act of 1921. Section 219 (b) (1) of the Revenue Act of 1924 adds to this deduction income of a trust paid or permanently set aside " for the establishment, acquisition, maintenance or operation of a public cemetery not operated for profit." A similar provision is contained in section 219 (b) (1) of the Revenue Act of 1926. The Revenue Act of 1924 is the first revenue act which permits the deduction of anything in the nature of a gift to a cemetery not operated for profit, and this deduction is limited to the computation of the net income of trust estates and is confined to such cemeteries only when public in character.

We thus find that, from the first revenue act to the last, Congress has consistently and persistently placed charitable and religious institutions in one class and cemeteries not operated for gain in a distinct and separate class; that wherever provision has been made permitting deduction by individuals of gifts and contributions, one class has been included and the other not mentioned; and, finally, when Congress determined that it was proper that income paid to or set aside for such cemeteries should be permitted as a deduction, such intention was made evident in no uncertain manner and such cemeteries were described with most meticulous exactness. We should not join together classes which Congress has seen fit to put asunder. Looking to all the provisions of the Revenue Act of 1921, we find that Congress did not include cemeteries not operated for gain in the category of religious or charitable corporations and that this inten-

tion runs through all the revenue acts enacted prior and subsequent to the Revenue Act of 1921.

The action of respondent in refusing to permit a deduction of the value of the gifts made by petitioner to Sewickley Cemetery is approved.

Reviewed by the Board.

*Judgment will be entered on 15 days' notice, under Rule 50.*