## GUND'S ESTATE et al. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 8127.

Circuit Court of Appeals, Sixth Circuit.
June 27, 1940.

Claude M. Houchins, of Washington, D. C., and George R. Hunt, of Lexington, Ky. (Claude M. Houchins, of Washington, D. C., and George R. Hunt and Hunt, Bush & Lisle, all of Lexington, Ky., on the brief), for petitioners.

L. W. Post, Sp. Asst. to Atty. Gen. (James W. Morris, Asst. Atty. Gen., and Sewall Key and L. W. Post, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before HICKS, SIMONS, and ARANT, Circuit Judges.

ARANT, Circuit Judge.

This appeal challenges the correctness of a decision of the Board of Tax Appeals that a bequest to the Oak Grove Cemetery Association is not exempt from the federal estate tax under Section 303(a) (3) of the Revenue Act of 1926, as amended, 26 U.S.

C.A.Int.Rev.Acts, pages 232, 235. The facts are stipulated.

Karoline E. Gund, a resident of Kentucky, died in Lexington on August 24, 1934. Her will provided for several bequests and for the creation of a trust of the residue for the benefit of Irene Dorner during her life, the remainder at her death to vest in the Oak Grove Cemetery Association of LaCrosse, Wisconsin, "to be held by the said cemetery company as a fund for the maintenance, care, additions and betterments to said cemetery." W. R. Springate and Irene Dorner, petitioners, were named executor and executrix, and trustees under the will.

In computing the estate tax, petitioners deducted the value of the bequest to the Cemetery Association, stipulated to be $101,105.68. The Commissioner disallowed the deduction, asserted a deficiency, and, upon review, was sustained by the Board of Tax Appeals.

The Oak Grove Cemetery Association is a corporation organized in 1872, pursuant to Chapter 67 of the Wisconsin statutes of 1858. It is managed by a board of trustees and an executive committee, the latter composed of the three officers of the Association. The board is elected annually by the owners of burial rights, and, in turn, elects the officers. Both serve without compensation.

The Association owns one hundred and three acres of land, used or held exclusively for burial purposes. Since 1880, there have been 14,459 burials. Individuals, without regard to race, color, religion or previous condition of servitude, may purchase burial rights, but must pay annual dues for maintenance. In addition, the County of LaCrosse, the City and County of LaCrosse together, and a number of churches have purchased burial rights in several plots, in which they permit the free burial of soldiers and poor or indigent persons.

Petitioners assert that the Commissioner erred in his determination that the Association was not organized and operated exclusively for religious or charitable purposes, within the meaning of Section 303 (a) (3) of the Revenue Act of 1926, as amended, and in failing to allow a deduction to the extent of the value of the bequest.[1]

A cemetery association doubtless could be so organized and operated as to be a charitable organization within the meaning of the act, but it appears that no free burial space is ever provided by the Oak Grove Cemetery Association, or that less than fair value is ever charged for burial rights or upkeep. Consequently, we are of the opinion that the Board of Tax Appeals correctly held the bequest was not to or for the use of a corporation organized and operated exclusively for religious or charitable purposes within the meaning of the act.

In Schuster v. Nichols, D.C.Me., 20 F.2d 179, 181, it was held that contributions in the years 1918, 1919, 1920 and 1921 to the East Douglas Evergreen Cemetery Association, a corporation not distinguishable in purpose or operation from the Oak Grove Cemetery Association, were not deductible from gross income under the Revenue Act of 1918. Section 214(a) (11), Act of February 24, 1919, c. 18, 40 Stat. 1066, and the Revenue Act of 1921, Section 214(a) (11) (B), Act of November 23, 1921, c. 136, 42 Stat. 227, 239. Each act allowed as de-

---

[1] The pertinent provisions of the Act are as follows:

"Sec. 303. For the purpose of the tax the value of the net estate shall be determined—

"(a) [as amended by Section 403 [a] of the Revenue Act of 1934] In the case of a citizen or resident of the United States, by deducting from the value of the gross estate * * *

"(3) [as amended by Section 807 of the Revenue Act of 1932 and by Section 406 of the Revenue Act of 1934] *The amount of all bequests*, legacies, devises, or transfers, to or for the use of the United States, any State, Territory, any political subdivision thereof, or the District of Columbia, for exclusively public purposes, or *to or for the use of any corporation organized and operated exclusively for religious, charitable*, scientific, literary, or educational *purposes*, including the encouragement of art and the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual, and no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation, *or to a trustee or trustees*, or a fraternal society, order, or association operating under the lodge system, but *only if such contributions or gifts are to be used* by such trustee or trustees, or by such fraternal society, order, or association, *exclusively for religious, charitable*, scientific, literary, or educational *purposes*, or for the prevention of cruelty to children or animals." (Italics ours.)

ductions contributions or gifts to any corporation organized and operated exclusively for charitable purposes, up to a maximum amount. The decision in that case turned upon the meaning of the word "charitable," the plaintiff contending that its scope was not limited to mere relief of poverty, distress, or almsgiving, but that it had a broader connotation, which embraced any purpose that had improvement and promotion of the general welfare as its end. Holding the contributions not deductible, Judge Brewster said:

"The language employed in framing section 214 of the Revenue Laws of 1918 and 1921 reflects an intent not to include cemetery corporations under the designation of charitable corporations. This intention appears clearly when we consider the context of the eleventh subdivision of section 214 (a) of the Revenue Act of 1918, and of clause B of subdivision 11 of section 214 (a) of the Revenue Act of 1921. In the earlier statute the allowable deductions are 'contributions or gifts made within the taxable year to corporations organized and operated exclusively for religious, charitable, scientific, or educational purposes, or for the prevention of cruelty to children or animals.' In the latter statute the allowable deductions are to 'any corporation, or community chest fund or foundation, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, including posts of the American Legion or the Woman's Auxiliary units thereof, or for the prevention of cruelty to children or animals.'

"The position of the word 'charitable,' in a sentence including religious, scientific, and educational purposes, all of which would be regarded as charitable purposes under the the statute of 43 Eliz., points irresistibly to the conclusion that Congress was here using the word 'charitable' in its more narrow and restricted sense, as signifying those corporations which were organized and. maintained exclusively for eleemosynary purposes. On any question of interpretation it is permissible to resort to the provisions of the whole act, in order to ascertain therefrom what meaning dubious language is intended to convey. Milford v. County Commissioners of Worcester, supra [213 Mass. 162, 100 N.E. 60].

"The provisions of section 231 of the Revenue Acts (Comp.St. § 6336⅛o) also furnish unmistakable indication that it was not the intention of those who enacted the laws to bring cemetery corporations within the class of corporations devoted to charitable purposes. This section deals with the exemption of certain corporations from the corporation income tax. Clause 6 of the section exempts corporations 'organized for religious, charitable, scientific, literary or educational purposes'; but, notwithstanding that charitable corporations were included among the corporations exempt under clause 6, it was deemed necessary to incorporate another clause (clause 5) expressly relieving cemetery corporations from the burden of the tax.

"As is suggested in the brief for the government, the statute was drafted to apply to every state in the Union. In some of these the statute of Elizabeth is incorporated in the common law, and in others it is not. In some states charities have been particularly defined by statute. It was necessary to give the word 'charitable' a meaning which would have universal application. This meaning is most naturally found in the restricted sense of the word, as referring to the relief of the poor. If we were defining the scope of a gift to charitable purposes, undoubtedly it would be incumbent upon the court to adopt the more comprehensive meaning of the word 'charitable'; but a different rule of construction applies to a statute by the terms of which one claims exemption from taxation. Any doubt as to the extent of the exemption must be resolved in favor of the sovereignty."

As was stated by the Board of Tax Appeals in Craig v. Commissioner, 11 B.T.A. 193, 200: "* * From the first revenue act to the last, Congress has consistently and persistently placed charitable and religious institutions in one class and cemeteries not operated for gain in a distinct and separate class; that wherever provision has been made permitting deduction by individuals of gifts and contributions, one class has been included and the other not mentioned; and, finally, when Congress determined that it was proper that income paid to or set aside for such cemeteries should be permitted as a deduction, such intention was made evident in no uncertain manner and such cemeteries were described with most meticulous exactness. We should not join together classes which Congress has seen fit to put asunder. Looking to all the provisions of the Revenue Act of 1921, we find that Congress did not include cemeteries not operated for gain in the category

of religious or charitable corporations and that this intention runs through all the revenue acts enacted prior and subsequent to the Revenue Act of 1921."

While the Schuster and Craig cases dealt with income rather than estate tax, we are of the opinion that this does not affect the validity of the reasoning therein. See, also, Town of Milford v. Commissioners, 213 Mass. 162, 100 N.E. 60; Bullock v. Long, 260 Mass. 129, 156 N.E. 743; In re Cohen's Estate, 270 N.Y. 383, 1 N.E.2d 474.

It is interesting to note that in Wilber Nat. Bank v. Commissioner, 17 B.T.A. 654, an estate tax case, the Board of Tax Appeals, upon what appears to us to be sound reasoning, held that a bequest to the Glenwood Cemetery Association, a corporation in all essential respects like the Oak Grove Cemetery Association, was not deductible.

Petitioners urge that deductibility of the bequest is not conditional upon the Association's being organized and operated exclusively for charitable purposes, since the bequest was made "to a trustee or trustees * * * to be used by such trustee or trustees * * * exclusively for religious, charitable, * * * purposes." We are of the opinion that this contention is without merit. The trust expressly created in the will was for the benefit of Irene Dorner and lasted only during her life. It is not necessary to decide whether the Association held the residue as trustee, as petitioners contend, inasmuch as we are of the opinion that the uses contemplated are not exclusively religious or charitable within the meaning of the act.

The petition for review is dismissed and the decision of the Board of Tax Appeals is affirmed.