In re Estate of James N. Hill.

York.      Opinion, May 17, 1932.

*Clement F. Robinson,* Attorney General, for the State.
*Mathews & Varney,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRINGTON, THAXTER, JJ.

THAXTER, J. This case is before us on report to determine whether certain bequests in the will of James N. Hill, late of York, are subject to the payment of an inheritance tax. For the purposes of this opinion the bequests can be divided into two classes, the first of which includes six separate bequests to the Berwick Cemetery Association in trust to use the income to provide gravestones for the poor and to maintain and improve the grounds, and in trust to build a chapel, a receiving tomb, a memorial gate, and to macadamize the avenues. The total amount of these bequests is $70,439.78 and the Judge of Probate assessed a tax on them of $3,933.47. In the second class are two bequests in trust to provide for the erection of a monument on the lot in the Sanford Cemetery, in which the testator's mother, father and certain relatives are buried, and for otherwise improving the lot, and a specific sum of $1,000 to be deposited in some town or institution, the income to be used in the maintenance of such lot. The amount spent by the executor in carrying out the first of these two directions was $7,212.10, and the Judge of Probate ruled that this amount, together with the specific sum of $1,000, was properly included as a funeral expense and accordingly was not subject to a tax.

The executor claims that the ruling assessing a tax on the legacies to the Berwick Cemetery Association was erroneous, because they are charitable bequests, and the state claims that it was error to allow as a funeral expense the sum of $1,000 and the amount spent on the family lot in the Sanford Cemetery. We shall consider these two problems in their order.

Rev. Stat., 1930, Chap. 77, Sec. 1, provides in part that on property passing by will a tax shall be paid, assessed on the value of each bequest. There is excepted from the operation of the act legacies "to or for the use of any educational, charitable, religious, or

benevolent institution in this state." This exemption is narrower than that found in the enactments of many other jurisdictions.

A similar provision was construed in the case of *Hooper* v. *Shaw*, 176 Mass., 190, in which it was held that a legacy to the New England Trust Co. in trust to pay the income to aged men and women in want was subject to a tax. The Court said, page 192: "Giving the broadest latitude to the word 'institution,' and assuming that there is an exemption if a charitable institution of the kind described is either trustee or *Cestui Que Trust*, we can not read the words as meaning to embrace all charitable gifts."

We see no justification for holding that the legislature in exempting a gift to or for a charitable institution intended to include all gifts for charitable purposes. Accordingly the only question which we have to decide in this branch of the case is whether the Berwick Cemetery Association is a charitable institution as that term is used in the statute.

Conceding that under certain conditions a gift to a cemetery corporation may be regarded as charitable, and giving due consideration to the very laudable purposes which this testator had in mind, yet it is impossible to hold that his benefactions here in issue come within the terms of the statute granting exemption to bequests to or for the use of educational, charitable, religious, or benevolent institutions.

It is obvious that in dealing with cemetery corporations the legislature has not regarded them as included within the statutory provisions relating to charities. Chap. 24 of Rev. Stat., 1930, deals solely with burying grounds and cemetery associations. It is provided therein that they shall be organized as provided in Secs. 1 and 2 of Chap. 70. These latter are the clauses which prescribe the manner in which charitable corporations, and those created for purposes other than profit, may be brought into being. If cemetery corporations had been regarded by the legislature as in fact charitable, no such provision would have been necessary. By saying in effect that they shall be organized as are charitable corporations, it seems reasonable to assume that they were not viewed as such for purposes of statutory construction. Furthermore it is provided in Sec. 20 of Chap. 24 that the property of public cemeteries shall be

free from taxation and by the terms of Chap. 13, Sec. 6, Par V, there is a similar exemption of tombs and rights of burial. Such provisions seem superfluous if cemeteries are included within the general exemption from taxation (Chap. 13, Sec. 6, Par III), granted to benevolent and charitable institutions. The view of the legislature would seem manifest that they are excluded from such classification. The Massachusetts court has so interpreted analogous statutory provisions. *Milford* v. *County Commissioners, supra.*

We must accordingly hold that the decision of the Judge of Probate in assessing an inheritance tax on the bequests to the Berwick Cemetery Association was correct.

The payments authorized by the will for the improvement and care of the lot in the Sanford Cemetery were allowed by the Judge of Probate as a funeral expense; and, consequently, no tax was assessed against them. Both counsel concede that if they can not properly be so considered they are taxable. In such view of counsel we concur, for however commendable the purpose of the testator, the payments clearly do not come within the statutory exemption as to charities already discussed.

Funeral expenses have always been allowed as a proper disbursement in the accounts of executors and administrators, *Tobey* v. *Miller,* 54 Me., 480; *Phillips* v. *Phillips,* 87 Me., 324; and the propriety of such practice has been confirmed by statute. Rev. Stat., 1930, Chap. 76, Secs. 59, 62. Both by the terms of the statute and under the ancient common law practice the cost of a burial lot and of suitable monuments and tombstones is properly included under this head. It seems to make no difference that the expenditure may have been made under an express provision of the will, *Morrow* v. *Durant,* 140 Ia., 437; see cases cited in Notes 23 L. R. A. N. S., 474, and 28 A. L. R., 671; or that it may be in the form of a bequest, *In re Maverick,* 119 N. Y. S., 914. Some cases have allowed as an expense payments for the improvement, care, and upkeep of a family burial plot and for the erection of monuments thereon, provided the testator himself is to be buried therein. *In re Edgerton,* 54 N. Y. S., 700; *In re Fleck,* 35 Pitts L. J. N. S., 67, Note 28 A. L. R., 673. Prof. John C. Gray in an article in 15 Harv.

Law Rev., 509, gives an interesting discussion of this general subject. He says at page 515: "When an executor is directed to place monuments on a family burial ground where the testator directs or expects that he will himself be buried, the cost of such erections may come under a liberal interpretation of funeral expenses." Unless such expenditures have some relation to the testator's own interment, we see no ground for saying that they are a part of his funeral expenses; and we have been referred to no authority which is in conflict with this view.

As there is no contention that the testator was himself to be buried in the Sanford lot, we must hold that the decision of the Judge of Probate was erroneous in allowing as an expense of administration the payments for the improvement and maintenance of such lot.

> *Appeal of executor dismissed. Case remanded to the Supreme Court of Probate for decree in accordance with this opinion. Appeal of the State of Maine sustained. Case remanded to the Supreme Court of Probate for decree in accordance with this opinion.*