## Barnes, Director of Unemployment Compensation Commission, et al. v. Stearns Coal & Lumber Co.

Oct. 22, 1943.

Elwood Rosenbaum and O. B. Hannah, for appellants.

H. C. Gillis for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

This is a suit invoking the remedy of mandamus to compel the executive director and members of the State Unemployment Compensation Commission, and the disbursing officers of the Commonwealth, to refund a sum of money paid under mistake of fact. Under the statute, Section 4748g-7, Kentucky Statutes Supplement 1940, employers subject to the Unemployment Compensation Act (now Chapter 341 of the Kentucky Revised Statutes) were required to pay into the Unemployment Insurance Fund for the year 1940 an amount equal to 2.7% of their payrolls. For subsequent years the percentage varies according to the status of the employer's reserve account, the rate being determined by the Commission according to specified formulas. For the year 1941, the statute provided that the rate should be 1.8% of the wages payable during the year 1940 if an employer's account had a certain relative status on December 31, 1940. The Stearns Coal & Lumber Company estimated that a remittance, or what is termed in the statute a voluntary contribution, of $4,200 would be necessary to bring its ac-

count up to the required amount in order for it to have the benefit of the lower rate of 1.8% for 1941. On December 23, 1940, the company remitted that amount, with the following statement endorsed on the check: "Voluntary contribution under Section 15 (d) of the Kentucky Unemployment Compensation Law to raise Employers Reserve account to 10% of 1940 payroll thereby effecting a .9% reduction in the rate of 1941 tax."

The check was transmitted with a form provided by the Commission, containing this statement: "Enclosed is our remittance in the amount of $4,200.00 which is to be credited to my reserve for experience rating purposes. We understand that this cannot be refunded in whole or in part, nor can it be used as a credit for past or future contributions which may be due."

In February, 1941, when the Commission got around to making the computations as of December 31, 1940, it was ascertained that the account of the Stearns Coal & Lumber Company was sufficient without the remittance, and that no part thereof was necessary in order to entitle the company to the lower rate. But the Commission refused to refund the money upon demand, thereby imposing upon the employer the burden of suing to recover its money, palpably paid under a mistake of fact. The remittance had been made out of caution, for if the account had not been sufficient to authorize the less rate of 1.8%, the company would have been required to pay about $13,500 more in the year 1941. The statement on the check disclosed that the remittance was being made in order to raise the reserve account for the purpose of effecting that reduction, and the form letter of transmittal showed it to be "for experience rating purposes." Section 4748g-14, Kentucky Statutes Supplement 1940, seems to have contemplated the acceptance of such conditional payments and the placing of them in a suspense account, for it provides that the State Treasurer, ex-officio Treasurer and Custodian of the Unemployment Insurance Fund, shall maintain three separate accounts, one of which is "a clearing account." Refunds are expressly made payable out of this account. Section 4748g-14 (b). In the recent case of Barnes, Director of Unemployment Commission, v. Levy Bros., 295 Ky. 794, 175 S. W. (d) 495, we construed the statute as not prohibiting a conditional tender or tentative offer of a voluntary contribution. Although not so explicit of expression as the

letter of remittance in that case, the intention and purpose of this remittance was clearly manifested.

The Commission and its director undertake to justify their action in refusing to refund the money in this case by the second sentence of the statement contained in the form letter of transmittal; namely, that the employer understood that it "cannot be refunded in whole or in part, nor can it be used as a credit for past or future contributions which may be due." But there is no hint of any element of estoppel to recover the money paid by mistake. The provision that such remittance could not be used as a credit for "past or future contributions" is not clear. Unless a payment was due at the moment of the receipt of the remittance, the statement would imply that the money would be confiscated without any benefit to the remitter. As is shown in the opinion in the Levy Bros. case, the Commission had adopted a rule or regulation of that import. If the contention made here is the Commission's interpretation of that rule, it is obviously unconscionable and unlawful in and of itself. In the instant case no contribution was due when the remittance was made nor on December 31st, the date of computation. The attempt to qualify the express purpose of the remittance had no effect and was not binding upon the employer. Barnes v. Levy Bros., supra.

Justification of the refusal to refund the money upon the ground that Section 4748g-8(d), Kentucky Statutes Supplement 1940 (now KRS 341.330), expressly authorizing adjustments and refunds of contributions, does not embrace any other than payments extracted by compulsion was denied in the Levy Bros. case.

The argument is presented by the appellants that it is the policy of the law not to refund money paid by a taxpayer through error or mistake and that payments to the Unemployment Insurance Fund are taxes. The case of Coleman, Auditor, v. Inland Gas Corporation, 231 Ky. 637, 21 S. W. (2d) 1030, is relied upon. The case sustains the proposition that a tax voluntarily paid into the State Treasury under an unconstitutional statute may not be recovered. The reasons for such ruling are, primarily, that when revenue is collected it is allocated to different funds for use during the current year and no citizen voluntarily paying a tax should have a right to disrupt the government by demanding a refund of his money. But in Coleman, Auditor, v. Consolidated Realty

Co., 239 Ky. 788, 40 S. W. (2d) 387, we held the payment of the same tax had been made under duress or compulsion and was, therefore, recoverable, and overruled the Inland Gas Co. case to the extent that it held the tax had been paid voluntarily. Since those and other opinions of like effect were rendered, the legislature has made provision for the refunding of numerous particular taxes. And as to the money paid into the State Treasury, voluntarily or involuntarily, it provided by an Act of 1938 that the Department of Revenue shall refund any overpayment of tax and any payment where no tax was due, excepting ad valorem taxes. KRS 134.580, formerly Section 4114h-7, Kentucky Statutes.

In Great Atlantic & Pacific Tea Co. v. City of Lexington, 256 Ky. 595, 76 S. W. (2d) 894, 895, we referred to the conflicting concepts as to the policy of the law pertaining to tax refunds and noted the distinction between payments to the state for the general revenues and of licenses paid to a municipality, observing that: "In the matter of municipal licenses, the nature of the government and the tax being different, the strictness has been less." The nature of payments to the Unemployment Insurance Fund is materially different even from city licenses, and affords greater reason for recognizing the right to obtain a refund of money paid to the fund by mistake. While at least the required payments are regarded as taxes (Unemployment Compensation Commission v. Savage, 283 Ky. 301, 140 S. W. (2d) 1073; Carmichael v. Southern Coal & Coke Co., 301 U. S. 495, 57 S. Ct. 868, 81 L. Ed. 1245, 109 A. L. R. 1327), the method of handling and the disposition of the funds are materially different from the ordinary taxes and the funds into which they go. The money does not go into the treasury as funds of the commonwealth, subject to use by the state but, as is specifically provided, the Insurance Fund is administered "separate and apart from all public moneys or funds of the State." Section 4748g-14 (a), Kentucky Statutes Supplement 1940. It lies dormant to be used when necessity arises, as described in Unemployment Compensation Commission v. Savage, supra. So these observations in Great Atlantic & Pacific Tea Co. v. City of Lexington, supra, are more pertinent to payments erroneously made to an administrative bureau for a particular fund which will not be disbursed for a long time, perhaps never:

"Money paid without consideration and which in law, honor, or good conscience was not payable ought in law, honor, and good conscience to be recoverable, and that rule applicable to transactions between individuals should be generally made applicable to municipalities and other governments. Only very compelling reasons of public policy relieve the state and its subdivisions from being required to live up to the same moral standards demanded of individuals and to repay taxes collected without authority of a valid law. Even those reasons are being continually attacked as insufficient."

We are of the opinion, therefore, that the court properly adjudged a recovery of the appellee, and the judgment is affirmed.