## Lexington Cemetery Co., Inc., v. Commonwealth ex rel. Unemployment Compensation Commission.

June 23, 1944.

852

D. L. Hazelrigg and Hunt, Bush & Lisle for appellant.

Edward Rosenbaum, O. B. Hannah, H. Kelly Clore and Edward W. Pflueger for appellee.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

This action was instituted by the Commonwealth on

behalf of the Kentucky Unemployment Compensation Commission against the Lexington Cemetery Company (hereinafter referred to as the Company) to compel the latter to pay the unemployment compensation tax provided in KRS Chapter 341. The answer sets out facts which the company avers show it is operated exclusively for charitable purposes, therefore it is exempt from this tax. The court sustained a general demurrer to the answer, the Company declined to plead further and appeals from a judgment declaring it to be liable for the tax.

The answer avers that the Company was incorporated by an Act of the General Assembly in 1848 and that its charter was amended by an Act of 1888. The Company owns 168 acres of land near the City of Lexington which is used exclusively for the purpose of sepulture. It acquired the land by money advanced by public-spirited citizens who were reimbursed as money was received from the sale of lots. The lot owners are described in the Act incorporating the Company as shareholders, but the Company has no capital stock and is a non-profit corporation with all receipts devoted to the upkeep and beautification of the grounds; any surplus becomes a "permanent fund for the perpetual care, maintenance and upkeep of the cemetery and the land owned and used in connection therewith."

The lot owners obtain only burial rights in the form of deeds and they elect a board of trustees who manage the cemetery and serve without remuneration. The United States Government was sold a lot for one dollar whereon are buried 1,383 federal soldiers; the Confederate Veteran Association was conveyed a lot for the same nominal consideration whereon 181 confederate soldiers are buried. The Children's Home and the Orphan's Society of Lexington, charitable organizations, own lots upon which they bury their indigent dead, and up until this time there have been 259 paupers buried in this cemetery upon orders and directions from the various churches in the City of Lexington. The Henry Clay Memorial Association owns a lot upon which it has erected a monument to that great son of Kentucky, and upon which the State has made expenditures from time to time. It is upon these facts the answer avers that the cemetery is operated exclusively for charitable purposes and is thereby exempt from unemployment compensation tax.

The Company bases its claim for exemption as a charitable corporation on KRS 341.050(5) (h) which provides "covered unemployment" does not include:

"Service performed in the employ of a corporation, community chest, fund or foundation, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual and no substantial part of the activities of which is carrying on propaganda, or otherwise attempting to influence legislation."

The quoted provision in our Act is taken verbatim from the federal Social Security Act, 42 U. S. C. A. sec. 409(b) (8), which in turn was copied word for word from the exemption appearing in the federal income tax statute, 26 U. S. C. A. Internal Revenue Code, sec. 101 (6). Immediately preceding subsection 6 of the federal income tax exemption is subsection 5 which latter exemption reads:

"Cemetery companies owned and operated exclusively for the benefit of their members or which are not operated for profit; and any corporation chartered solely for burial purposes as a cemetery corporation and not permitted by its charter to engage in any business not necessarily incident to that purpose, no part of the net earnings of which inures to the benefit of any private shareholder or individual."

The fact that the Congress lifted subsection 6 from the exemptions of the federal income tax law and incorporated same in the national Social Security Act and omitted therefrom subsection 5 of such income tax exemptions shows a clear intention upon its part not to exempt cemeteries from the national social security tax. As the Kentucky Unemployment Compensation Act copies the exemptions contained in the national Social Security Law and tracks the latter closely for the purpose of securing federal aid, it follows that our General Assembly likewise expressed an intention not to exempt cemeteries from the State Act.

While not quoted, the greater part of what appears in this paragraph was obtained from Chrisgau v. Woodlawn Cemetery Ass'n, 208 Minn. 263, 293 N. W. 619. In Schuster v. Nichols, D. C., 20 F. 2d 179, it was written

that a public cemetery is not a public charity, and on the authority of that opinion the Commissioner of Internal Revenue promulgated a regulation that a public cemetery is not a public charity. The Board of Tax Appeals followed this regulation in Craig v. Com'r of Internal Revenue, 11 B. T. A. 193. There were three re-enactments of income tax provisions containing the language here involved without alteration of the construction by the administrative regulation, to-wit: in 1928, 1932 and 1934, all prior to the enactment of the national Social Security Act in 1935, 42 U. S. C. A. sec. 301 et seq. Where a statute has received a known and settled construction and is re-enacted, it must be presumed that the Legislature adopted such prior construction in re-enacting the statute. Helvering v. Bliss, 293 U. S. 144, 55 S. Ct. 17, 79 L. Ed. 246, 95 A. L. R. 207; Helvering v. R. J. Reynolds Tobacco Co. 306 U. S. 110, 59 S. Ct. 423, 83 L. Ed. 536. The meaning of the statute after such re-enactment was the same as if Congress had expressly declared that a public cemetery is not a public charity.

There is no room for the view that a public cemetery is a public charity where the lawmaking power has legislated to the contrary. Christgau case, 208 Minn. 263, 293 N. W. 619, 624.

The General Assembly of Kentucky, like that of many other states, adopted the Unemployment Compensation Act with a view to approval by the federal authority so as to obtain federal benefits. As was said in the Christgau case, 208 Minn. 263, 293 N. W. 619, 625:

"Where the state government, acting independently in its own sphere, copies a federal statute, the state act will be construed to have the same meaning as the federal act." Pittsburgh Plate Glass Co. v. Paine & Nixon Co., 182 Minn. 159, 234 N. W. 453. In Campbell v. Motion Machine Operators' Union, 151 Minn. 220, 186 N. W. 781, 27 A. L. R. 631.

There is no doubt in our minds that the Lexington Cemetery Company is not a charitable corporation. In facts much like those before us the Supreme Court of Massachusetts in Proprietors of Cemetery of Mount Auburn v. Fuchs, 305 Mass. 288, 25 N. E. 2d 759, held the cemetery was not a charitable organization.

The Company admits that sec. 170 of the Kentucky

Constitution exempting from taxation "* * * places of burial not held for private or corporate profit, institutions of purely public charity and institutions of education not used or employed for gain by any person or corporation * * *," has no application, as this section as construed by this court only grants exemption from the payment of ad valorem tax. Strater Bros. Tobacco Co. v. Com., 117 Ky. 604, 78 S. W. 871; City of Louisville v. Cromwell, 233 Ky. 828, 27 S. W. 2d 377.

We agree with the Company's counsel that Com. v. Lexington Cemetery Co., 114 Ky. 165, 70 S. W. 280, furnishes no sound basis for the lower court's decision, but we cannot agree with them that KRS 381.260 applies. It reads:

"Except as otherwise provided by statute, every grant, conveyance, devise, gift, appointment and assignment made for any charitable or humane purpose shall be valid if it points out with reasonable certainty the purposes of the charity and the beneficiaries thereof."

The statute just quoted is in effect Chapter 4 of 43 Elizabeth, and as was said in Ford v. Ford's Ex'r, 91 Ky. 572, 16 S. W. 451, 13 Ky. Law Rep. 183, and in Gooding v. Watson's Trustee, 235 Ky. 562, 31 S. W. 2d 919, it should receive a construction similar to that given the English statute, which is that devises made for charitable uses will be sustained as valid trusts and the rule against perpetuities does not apply. The many texts and opinions cited in the Company's brief such as Zollman's American Law of Charities, sec. 540, p. 372, 5 R. C. L. sec. 63, p. 335; Restatement of the Law of Trusts, sec. 124, p. 311; Boggess v. Inabnit, 284 Ky. 673, 145 S. W. 2d 838; Newton v. Newton Burial Park, 326 Mo. 901, 34 S. W. 2d 118; Ould v. Washington Hospital, 95 U. S. 303, 24 L. Ed. 450, are to the effect that a valid charity is established where the purpose for which it is created is the maintenance of a public cemetery.

There can be no doubt that a gift or devise to a public cemetery is made for a charitable purpose under the statute of 43 Elizabeth. But the Congress in formulating exemptions in the national Social Security Act eliminated the broad construction given 43 Elizabeth and in effect limited "charitable" as signifying only those corporations "which were organized and maintained exclusively for eleemosynary purposes." Christgau case, 208 Minn. 263, 293 N. W. 619, 623. It is said in

Schuster v. Nichols, D. C., 20 F. 2d 179, 181, that the federal social security statute was drafted to apply to every state in the Union and as some of the states have adopted the statute of Elizabeth, or incorporated it in their common law, while others have not, it is necessary to give the word "charitable" a meaning which would have nation-wide application, which meaning is most naturally found in the restricted sense of the word as referring to the relief of the poor. This is just another way of saying that the word "charitable" is limited to organizations maintained exclusively for eleemosynary purposes.

We say, as was written in the Schuster opinion, 20 F. 2d 179, 181, that if we were defining a gift for charitable purposes we would adopt a broader meaning than where we are applying the term "charitable" to a claim for exemption from taxation. The familiar rule is that an exemption from taxation comes only through the grace of the sovereign, therefore it is given a strict interpretation, and any doubt as to the extent of the exemption must be resolved against the taxpayer and in favor of the State. City of Louisville v. Cromwell, 233 Ky. 828, 27 S. W. 2d 377.

Were there any doubt in our minds that we are giving the word "charitable" a too restricted meaning, it would be swept aside when we consider the purpose of the Kentucky Unemployment Compensation Act and the nature of the tax paid thereunder. The Act was intended to vanquish the bete noire—unemployment—of all who earn their living by daily toil. Certainly, there is no reason why the workers for cemeteries should be denied social security. The required payments are regarded as taxes, Unemployment Compensation Commission v. Savage, 283 Ky. 301, 140 S. W. 2d 1073; Carmichael v. Southern Coal & Coke Co., 301 U. S. 495, 57 S. Ct. 868, 81 L. Ed. 1245, 109 A. L. R. 1327, and in the late case of Shaw v. Kentucky Unemployment Compensation Commission, 297 Ky. 815, 181 S. W. 2d 697, we said it is an excise tax. But this tax does not go into the treasury as funds for the Commonwealth, subject to use by the State, but into the insurance fund as provided in KRS 341.490 to be expended for unemployment benefits as provided in KRS 341.380 et seq., as the necessity arises. Barnes v. Stearns Coal & Lumber Co., 295 Ky. 812, 175 S. W. 2d 498.

In holding that the Company is not exempt from unemployment compensation tax, we in effect say that the exemption of a cemetery from ad valorem and income taxes does not extend to unemployment taxes, since it was the clear intention of the Congress and of the Kentucky Legislature, which followed the national Social Security Act, that public cemeteries should not be relieved of their share of the social security burden.

The judgment is affirmed.

Whole Court sitting.