

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

July 27, 1967

Honorable Robert S. Calvert
Comptroller of Public Accounts
State Capitol
Austin, Texas

                    Opinion No. M- 110

                    Re:  Whether devise and bequest
                         to a Cemetery Association
                         is exempt from inheritance
Dear Mr. Calvert:        tax.

        In your letter requesting the opinion of this Office on
the above captioned matter, you included a copy of the articles
of incorporation of the Cemetery Association in question.  This
charter recites that the corporation is to be formed pursuant
to the provisions of Article 1121, subdivision 5, Acts 1897,
p.188, P.D. 5935.  Article 1121 enumerated specific purposes
for which corporations could be created at the time the charter
was granted on October 4, 1925.  Subdivision 5 reads as follows:
"The maintenance of a public or private cemetery or crematory."
There is no charter provision which requires perpetual care.
This opinion does not pass upon the taxability of gifts to such
cemetery associations as have established perpetual care trust
funds pursuant to the provisions of Article 912a-15, Vernon's
Civil Statutes, which provides that perpetual care trust funds
are "expressly permitted and shall be and be /sic7 deemed to be
for charitable and eleemosynary purposes."

        If this devise and bequest is exempt from inheritance
taxes, it must come within the provisions of subdivision (2) of
Article 14.015, Taxation-General, Vernon's Civil Statutes, which
enumerates exempt transfers.  Subdivision (2) of Article 14.015
reads as follows:

        "(2)  Religious, Charitable and Educa-
    tional Organizations.  Property passing to
    or for the use of charitable, educational,
    or religious societies or institutions,
    incorporated, unincorporated, or in the
    form of a trust, provided that no part of

- 507 -

the net earnings of any such organiza-
tion inures to the benefit of any private
shareholder or individual."

Specifically, the Cemetery Association could qualify for ex-
emption only if it be deemed a "charitable" corporation. We
are of the opinion that it cannot.

Section 2 of Article 1121 provided that corporations
might be created for "the support of any benevolent, charitable,
educational or missionary undertaking." Had the Legislature
deemed that "a public or private cemetery or crematory" was em-
braced within the provision for charitable undertakings, it would
not have deemed it necessary to add the fifth subdivision, above
quoted. Further, as aforesaid, the Legislature did deem it neces-
sary to declare in Article 912a-15 that perpetual care trust funds
shall be deemed for charitable purposes.

Another provision of our Constitution and of the statutes
illustrates the same distinction. Article VIII, Section 2 of the
Constitution authorizes the Legislature to exempt certain classes
of property from ad valorem taxes. It reads, in part, as follows:

". . . but the legislature may, by general
laws, exempt from taxation public property used for
public purposes; . . . places of burial not held
for private or corporate profit; . . . and institu-
tions of purely public charity; and all laws exempt-
ing property from taxation other than the property
above mentioned shall be null and void."

Pursuant to this Constitutional authorization, the Legis-
lature enacted Article 7150, Vernon's Civil Statutes. Section 7
of Article 7150 reads as follows:

"All buildings belonging to institutions
of purely public charity, together with the lands
belonging to and occupied by such institutions not
leased or otherwise used with a view to profit, un-
less such rents and profits and all moneys and
credits are appropriated by such institutions solely
to sustain such institutions and for the benefit of
the sick and disabled members and their families and
the burial of the same, or for the maintenance of
persons when unable to provide for themselves,
whether such persons are members of such institu-
tions or not. An institution of purely public chari-
ty under this article is one which dispenses its

aid to its members and others in sickness
or distress, or at death, without regard to
poverty or riches of the recipient, also when
the funds, property and assets of such institu-
tions are placed and bound by its laws to re-
lieve, aid and administer in any way to the re-
lief of its members when in want, sickness and
distress, and provide homes for its helpless
and dependent members and to educate and main-
tain the orphans of its deceased members or other
persons."

Section 3 of Article 7150 reads as follows:

"3. Cemeteries. — All lands used ex-
clusively for graveyards or grounds for burying
the dead, except such as are held by any person,
company or corporation with a view to profit, or
for the purpose of speculating in the sale there-
of."

The above quoted portions of Section 2 were adopted in
1876. Had the framers of the Constitution considered places of
burial not held for private or corporate profit institutions of
purely public charity, it would not have been necessary to pro-
vide a separate authorization for the exemption thereof. Pur-
suant to this separate specific authorization, Section 3, above
quoted, was enacted.

We realize that what may be deemed "charitable" for the
method or purpose of creating a corporation or for the purpose
of obtaining an exemption from ad valorem taxes is not necessar-
ily determinative of what may be deemed "charitable" for the pur-
poses of obtaining an exemption from inheritance taxes. However,
courts in other jurisdictions have been influenced by similar dif-
ferentiations in determining the taxability for succession tax
purposes of devises and bequests to cemetery corporations. Re Hill,
160 Atl. 916 (Me.Sup. 1932), held that a cemetery association could
not be regarded as a charitable institution within the meaning of
a statute exempting from inheritance tax legacies to or for the
use of charitable institutions, where the Legislature, by provid-
ing that cemetery corporations shall be organized as charitable
corporations and by specifically exempting them from taxation not-
withstanding a general exemption of benevolent and charitable insti-
tutions, had indicated that it does not view them as falling within
the category of charitable institutions. This case recognizes that
some cases have allowed as an exemption payments for the improve-
ment, care, and upkeep of a family burial plot and for the erection

of monuments thereon, provided the testator himself is to be buried therein; but these cases are grounded on the proposition that directions to place monuments on a family burial ground where the testator directs or expects that he will be buried, may be granted an exemption under a liberal interpretation of a deduction allowed for funeral expenses. Under the facts as presented to this Office, obviously the devise and bequest to the Cemetery Association cannot be treated as a funeral expense of the decedent.

Re Hill is annotated in 83 A.L.R. 931 in an Annotation entitled "Exemption from succession tax in respect of bequests or expenditures in connection with cemetery and burial." This Annotation cites a number of cases. Bullock v. Commissioner of Corporation & Taxn., 156 N.E. 743 (Mass.Sup. 1927), held that a gift to a cemetery corporation for erecting a chapel in which to hold burial services was not exempt from succession tax as being for a charitable purpose since burial services would be held for members or lot owners only. Cf. Re Beekman (1921), 232 N.Y. 365, 134 N.E. 183 (reversing (1921) 196 App.Div. 681, 188 N.Y.Supp. 178, which reversed (1920) 114 Misc. 73, 186 N.Y.Supp 674) where the testator gave all of his residuary estate, amounting to nearly $1,000,000 to the Beekman Family Association. Contra: Bushong v. Taylor, 33 S.W.2d 80 (Tenn.Sup. 1930).

For all the foregoing reasons, the devise and bequest to the Cemetery Association in question is subject to an inheritance tax.

SUMMARY

Under submitted facts a devise and bequest to the Cemetery Association in question is subject to an inheritance tax.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

MMP:ms
Prepared by Marietta McGregor Payne
Assistant Attorney General

Honorable Robert S. Calvert, page 5 (M-110)


APPROVED:

OPINION COMMITTEE
Hawthorne Phillips, Chairman
Kerns B. Taylor, Co-Chairman
Alan Minter
James Broadhurst
Paul Martin
John R. Grace

STAFF LEGAL ASSISTANT
A. J. Carubbi, Jr.