**Buddy H. ADAMS, Secretary Cabinet For Human Resources Commonwealth of Kentucky, Appellant,**

v.

**ASSOCIATED GENERAL CONTRACTORS OF KENTUCKY, INC., and Steven L. Beshear, Attorney General Commonwealth of Kentucky, Appellees.**

Supreme Court of Kentucky.

July 6, 1983.

Rehearing Denied Oct. 12, 1983.

Paul F. Fauri and Ryan Halloran, Dept. for Human Resources, Frankfort, for appellant.

Joseph J. Leary, Robert C. Fields and John H. Gray, Asst. Atty. Gen., Frankfort, for appellees.

GANT, Justice.

The 1982 session of the General Assembly amended KRS 341.030(6) and KRS 341.270 to increase the wage base and tax rate payable by employers to the appellant for the purpose of unemployment insurance contributions. These amendments caused an increase in an employer's liability for unemployment contribution on wages paid to its workers in covered employment in two ways: (1) The employer must pay unemployment contributions on the first $8,000 of each worker's covered wages rather than on the first $6,000; and (2) The employer pays at a higher rate. Due to the insolvency of the Unemployment Insurance

Trust Fund, the General Assembly, by Section 10 of House Bill 746, added an emergency clause which provided that the increase in the wage base and tax rate would become effective retroactively to January 1, 1982.

Employers covered under the Unemployment Insurance law pay unemployment insurance contributions quarterly by filing a report and payment with the Division for Unemployment Insurance, which is within the Cabinet for Human Resources. The contributions are due on the last day of the month following the close of the calendar quarter for which they are payable so that contributions for the first quarter are normally due on the last day of April. However, the final date of payment for the increase in unemployment insurance contributions was extended by emergency regulation to July 16, 1982.

On July 8, 1982, appellee filed this action for declaration of rights and injunctive relief to prevent the appellant from applying Sections 1 and 2 of House Bill 746 to its members having contracts executed prior to April 1, 1982, contending that such application would impair rights and obligations accrued under those contracts in violation of Section 19 of the Kentucky Constitution. Appellee attached to its complaint copies of sample form contracts of its members, which contracts indicate that one of the parties to the contract is responsible for the payment of unemployment insurance contributions, but which are silent as to amount or rate.

On July 8, 1982, the Franklin Circuit Court entered a temporary injunction, restraining the appellant from imposing any tax which was not in effect prior to April 1, 1982, upon general contractors, or its members. After motions for judgment on the pleadings, a judgment was entered, holding that Sections 1 and 2 of the Act were unconstitutional to the extent that those sections imposed a tax on appellee and its members in excess of the tax in effect at the time of execution of any construction contracts and subsequently the lower court issued a permanent injunction to that effect.

This case comes before us on granting a Motion for Transfer of Appeal to this court, the subject of this appeal being that part of the judgment and permanent injunction which prohibits the appellant from applying Sections 1 and 2 of House Bill 746 of the 1982 General Assembly to the members of the appellee's group.

The basis of the opinion of the lower court was that the subject legislation impaired the obligation of contracts of the appellee and its members. This was based upon Section 19 of the Constitution of Kentucky, which provides: "No ex post facto law, nor any law impairing the obligation of contracts, shall be enacted."

This court has held that, in order for a law to impair the obligation of a contract, the obligation must be rendered invalid, must be released or extinguished. *City of Covington v. Sanitation District No. 1,* Ky., 301 S.W.2d 885, 888 (1957). We can determine no way in which any contract by any member of the appellee has been invalidated, released or extinguished.

It is uncontradicted that it is within the power of the General Assembly to levy taxes upon employers for the purpose of their contribution to the Unemployment Insurance Trust Fund. *Lexington Cemetery Co. v. Commonwealth,* 297 Ky. 851, 181 S.W.2d 699 (1944). It has long been the law that if a tax assessed by the state is within the taxing power of the state it does not unconstitutionally impair the obligation of a contract. *Lake Superior Consolidated Iron Mines v. Lord,* 271 U.S. 577, 46 S.Ct. 627, 70 L.Ed. 1093 (1926).

The Constitution of the United States, Article 1, § 10[1], contains a virtually identical provision to Section 19 of the Kentucky Constitution, prohibiting any law impairing the obligation of contracts. In speaking of that clause in the United States Constitution, the court stated, in *United States Trust Co. of New York v. New Jersey,* 431 U.S. 1, 97 S.Ct. 1505, 1517, 52 L.Ed.2d 92 (1977), as follows:

The States must possess broad power to adopt general regulatory measures with-

out being concerned that private contracts will be impaired, or even destroyed, as a result. Otherwise, one would be able to obtain immunity from the state regulation by making private contractual arrangements. This principle is summarized in Mr. Justice Holmes's well-known dictum: "One whose rights, such as they are, are subject to state restriction, cannot remove them from the power of the State by making a contract about them." *Hudson Water Co. v. McCarter,* 209 U.S. 349, 357, 28 S.Ct. 529, 531, 52 L.Ed. 828 (1908).

This action having been brought under Section 19 of the Kentucky Constitution, viz., the commerce clause, there is no reason to discuss the police power of the sovereignty.

■ This court being of the opinion that House Bill 746 in no way impairs the rights and obligations under any contract, the judgment of the Franklin Circuit Court is reversed and the permanent injunction is dissolved.

All concur.