PROPRIETORS OF THE RURAL CEMETERY *vs.* COUNTY
COMMISSIONERS OF WORCESTER.

Worcester.    October 2, 1890. — October 25, 1890.

Present: FIELD, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Tax — Exemption — Cemetery.*

A cemetery corporation was authorized by its act of incorporation to devote a limited tract of land, which was thereby exempted from taxation, to a rural cemetery, and to erect thereon a dwelling-house with suitable appendages. After-

wards it bought other land on the opposite side of a highway, upon which stood a dwelling occupied rent free by its superintendent, whose salary included this privilege, and two small barns for the horse, carts, and tools used in caring for the cemetery grounds. Subsequently a special act authorized the corporation to take and hold property by purchase or otherwise, any limitation in the original act notwithstanding, to be devoted "exclusively to the purposes connected with and appropriate to the objects of the corporation." *Held*, that by the latter act the purchase theretofore made was confirmed, and the exemption from taxation extended to the land so purchased.

PETITION for a writ of certiorari to quash the proceedings of the county commissioners of Worcester County in affirming taxes assessed upon a cemetery corporation by the city of Worcester. *Knowlton*, J. reserved the case for the consideration of the full court. The material facts appear in the opinion.

*T. G. Kent & G. T. Dewey*, for the petitioner.

*F. P. Goulding*, for the respondents.

DEVENS, J. By its original act of incorporation, (St. 1838, c. 17,) the petitioner was authorized to receive from Daniel Waldo and hold a certain tract of land, and also land adjoining thereto not exceeding twenty acres. This land was, by § 3 of the statute, to be taken and held for a rural cemetery. Power was given to lay out the same in suitable lots for burial, and to grant rights of burial therein, which rights were not to be subject to attachment or execution, or liable to taxation, and it was added, "nor shall said corporation be liable to be taxed for said land." The corporation was authorized also "to erect on said premises a dwelling-house with suitable appendages thereto," and "to set off a portion of said land as a garden." The tract of land the taxation of which is now in question is situated upon the westerly side of Grove Street, in Worcester, and was acquired by the corporation in 1853, after it had acquired the Waldo lot and the twenty acres in addition thereto. It is on the opposite side of the highway from the other tracts of land, which have been laid out into burial lots and permanent avenues thereto. Upon it are a small dwelling-house, occupied by the superintendent of the cemetery, who pays no rent, but whose salary is fixed with reference to this privilege, and two small barns used for the keeping of the horse, carts, and tools owned and used by the corporation for the work on the cemetery grounds.

By the St. of 1856, c. 62, the corporation was authorized to take and hold, by purchase or otherwise, so much real or personal estate as was necessary for the objects of its organization, any limitation in the original act notwithstanding, to be devoted " exclusively to purposes connected with and appropriate to the objects of such corporation." The effect of the statute of 1856 was to confirm and justify the purchase of the lot made in 1853, if there was no objection thereto except that arising from the fact that the corporation had at that time exceeded in quantity the amount of real estate which it was entitled to purchase. It is the contention of the respondents, that the statute cannot be construed as extending the exemption from taxation to lands held or purchased by it which was applicable to the smaller area held under the St. of 1838, even if it operated to remove the limitation to the power to take land which existed under that statute. While in terms it is not stated that the additional land held under authority of the St. of 1856 shall be exempted from taxation, it does, we think, appear that the same privileges are to be extended to it which were enjoyed by the other lands of the corporation. It would certainly be a curious anomaly, that lands held for the same purposes, and devoted exclusively to the objects of the corporation, should some of them be made subject to taxation while others were not. While in fact the tract we are considering is not now divided into burial lots, yet either it or other additional lands purchased under the statute of 1856 may be so divided. It can hardly be that the rights acquired in them are, so far as these statutes are concerned, subject to attachment or execution because in terms they are not made thus exempt; nor is it to be supposed that one rule as to taxation would apply to lands purchased by authority of the St. of 1838, and another to those purchased by that conferred by the St. of 1856, all of them being held for a purpose beneficial to the public, and not for pecuniary profit.

Without deciding that this property is exempt from taxation under the Pub. Sts. c. 11, § 5, cl. 8, the legislation which has exempted cemeteries and burial places from taxation confirms our view that the exemption which was given in terms by the St. of 1838 was extended to the lands purchased by authority of the St. of 1856. By the Rev. Sts. c. 7, § 5, cl. 5, all tombs

and rights of burial were exempt from taxation. By the St. of 1841, c. 114, § 1, ten or more persons were authorized to form a corporation for the purpose of establishing burial places for the dead, and it was enacted in § 7 that the real estate of such cemeteries, or burial places, "shall be exempt from all public taxes, so long as the same shall remain dedicated for the purpose of a cemetery, or burial place for the dead." These provisions were substantially re-enacted in the General Statutes, and now exist in the Public Statutes. They tend to show, at least, that when the petitioner was allowed to purchase additional lands, to be "applied exclusively" to the objects of the corporation, the exemption previously granted as to other lands is properly construed as extending to these. Nor, although there is a dwelling-house with barns upon the tract, and no burial lots are there laid out, can it be said that it is not exclusively appropriated to the objects of the corporation. The original act contemplated that there would be a dwelling-house with its appendages on the premises, nor is this provision limited to the premises therein described, but is properly applicable to all which the petitioner was subsequently entitled to take. Even if it were, the facts show that these buildings and their occupation as described are required for the business of the corporation and the management of the cemetery it was organized to maintain. This would justify their exemption. *Massachusetts Society for the Prevention of Cruelty to Animals* v. *Boston,* 142 Mass. 24.

It is further contended by the respondents, that this tract does not adjoin the Waldo lot, or the territory taken under the original act. By the statute of 1856, it was not required that the land taken under it should be adjoining to that originally taken, and the justification of the petitioner in taking it proceeds from that act.

*Writ of certiorari to issue.*