602                                    2 Mass. App. Ct. 602

Blue Hill Cemetery, Inc. v. Board of Assessors of Braintree.

BLUE HILL CEMETERY, INC. vs. BOARD OF ASSESSORS OF
BRAINTREE.

Suffolk.   October 17, 1973. — October 15, 1974.

Present: ROSE, KEVILLE, & GOODMAN, JJ.

Cemetery.   Taxation, Real estate tax: exemption; cemetery.

Land owned by a cemetery, upon which stood an administration
   building, a pump house for pumping water from a pond on the
   land to other land where burial plots were, two garages housing
   cemetery vehicles and equipment, the cemetery caretaker's house,
   and a nursery providing shrubs and flowers for the cemetery, was
   "dedicated to the burial of the dead," and the cemetery was
   properly granted a partial abatement from taxes under G. L.
   c. 59, § 5, Twelfth.   [604-606]

APPEAL from a decision of the Appellate Tax Board.
Dace J. Moore for the Board of Assessors of Braintree.
Joseph F. Feeney (John F. Ridge with him) for the tax-
payer.

KEVILLE, J.   These are three cases consolidated for the
purpose of appeal and transferred here from the Supreme
Judicial Court.   Blue Hill Cemetery, Inc. (Blue Hill),
appealed to the Appellate Tax Board (board) from the
refusal of the board of assessors (assessors) of the town of
Braintree to grant an exemption under G. L. c. 59, § 5,
Twelfth,[1] from taxes assessed on real property of Blue
Hill for the year 1969.   The board granted a partial
abatement and the assessors appealed (G. L. c. 58A,
§ 13) to the Supreme Judicial Court from the decision of
the board.

[1] G. L. c. 59, § 5 states in pertinent part: "The following property
shall be exempt from taxation; . . . Twelfth, Cemeteries . . . so long
as dedicated to the burial of the dead" (emphasis supplied).

Facts which appear to be undisputed may be summarized as follows: Blue Hill was organized in 1892 for the purpose of procuring, establishing and preparing a cemetery or burial place for the dead. It is a nonprofit corporation. Prior to the acquisition of the land which is the subject of this petition for an exemption, Blue Hill owned 122 acres on the north side (north land) of West Street in the town of Braintree. In 1941 it acquired three parcels of land on the south side (south land). Of the original south land property, approximately 28 acres are now owned by Blue Hill, the balance having been sold. This land and its buildings are the subject of this petition for exemption from taxation.

The north land is and has been used exclusively for the actual interment of bodies and is exempt from taxation. No action has been taken to "dedicate" formally any part of the south land to the burial of the dead nor has anything been done to prepare that ground for burial nor have bodies been buried there. The land has upon it a two story administration building, a pump house for pumping water from a six acre pond located on the land for irrigation of the north land, a large and a small garage housing vehicles and equipment used in the operation of Blue Hill, a caretaker's house for the cemetery caretaker, and land located between the garage and the administration building used as a nursery to provide shrubs and flowers for the cemetery. Taxes on the south land and its buildings were paid to the town until 1969 when Blue Hill first sought an exemption. The parties entered into a stipulation before the board that the south land and the buildings thereon, except for twenty percent of the large garage, fifteen percent of the administration building and eighteen acres of wetlands, were in use for cemetery purposes.

In its order the board ruled that "in general, real estate, consisting of land and buildings or portions thereof, owned by a cemetery corporation, which in its use (while not devoted to the actual interment of bodies) is

very closely related to the operation of a cemetery and traditionally considered and used as reasonably necessary for the orderly and efficient conduct of the cemetery to serve the ordinary needs of both the living and the dead in connection with the burial of the dead, is exempt under the provisions of G. L. ch. 59, § 5, cl. 12."

The board found that the areas which, in accordance with the stipulation, "were used by the appellant for the operation of the cemetery and to supply services closely connected therewith," were within the foregoing rule and therefore exempt from taxation.[2] Thereafter, the board's decision was entered granting partial abatements which exempted from taxation only those portions of the property so used.

The question for decision is whether the land and buildings may be considered "dedicated" to the burial of the dead within the meaning of G. L. c. 59, § 5, Twelfth. The town bases its claim to be able to tax the property largely upon the case of *Woodlawn Cemetery* v. *Everett*, 118 Mass. 354 (1875), while Blue Hill relies heavily upon the more recent case of *Assessors of Sharon* v. *Knollwood Cemetery*, 355 Mass. 584 (1969), to support its claim of exemption.

The facts of the *Woodlawn* case bear a general similarity to those of the case before us in that the town had there rejected the cemetery's claim for an exemption of later acquired property although upon it were buildings and facilities ancillary to the operation of the cemetery; and the land was not laid out or actually used for interment. In upholding the position taken by the town, the court stated that "[n]o land can be deemed to be 'dedicated' for . . . a . . . burial place . . . so as to be exempt from taxation, or 'used or appropriated' for . . . a burial ground, so as to entitle the owner to use it for that purpose for the future without municipal permission,

---

[2] Under the provisions of G. L. c. 58A, § 13, the decision of the board is final as to findings of fact.

which has not been devoted or *set apart,* and *some active measures taken* towards preparing the ground, for a burial place. A mere dedication or appropriation on paper is not enough" (emphasis supplied). *Woodlawn Cemetery* v. *Everett, supra,* at 361.

Almost a century later the *Woodlawn* case was distinguished in *Assessors of Sharon* v. *Knollwood Cemetery, supra.* There the court upheld the board's grant of an exemption, under G. L. c. 59, § 5, Twelfth, of an extensive tract of cemetery land which was largely undeveloped but contained an administration building and a one-acre nursery utilized for cemetery purposes. While the facts in the *Knollwood* case differ in many respects from those in the instant case (here, for example, we are dealing with a separate tract of after acquired land[3]), we conclude that there is a similarity which should be controlling and which may properly form a basis for our decision in this case. In the *Knollwood* case, after indicating that the *Woodlawn* case was not there controlling, the court stated "that the planning and substantial actual use of parts of a defined area of land for cemetery purposes may properly be found, within the meaning of c. 59, § 5, Twelfth, to constitute a dedication of the whole of that land to cemetery use." *Id.* at 589. The court also stated that "[s]imilar considerations apply to *buildings on the cemetery land and a tree nursery used in, and necessary for, administration and operation of the cemetery"* (emphasis supplied). *Id.* at 590. It is to be observed that the court did not require actual interment in order to find "dedication" of the land to the burial of the dead.

---

[3] See *Proprietors of the Rural Cemetery* v. *County Commrs. of Worcester,* 152 Mass. 408 (1890), in which the court construed statutes other than G. L. c. 59, § 5, Twelfth, but which nevertheless sheds light upon legislative intent to extend tax exemption to land and buildings used in the ancillary operation of cemeteries (even though the land is after acquired and located apart from the property of the cemetery already declared tax exempt) so long as required for the business and management of the cemetery.

The ruling of the board quoted earlier in this opinion is consonant with the view expressed in the *Knollwood* case, *supra,* and the board's findings are in essence a determination that the south land has been "dedicated" to the burial of the dead within the meaning of the statute. The stipulation of the parties and the findings of the board make clear that the south land is used predominantly for cemetery purposes. To exempt from taxation land and buildings which are integral parts of the cemetery operation strikes us as being a reasonable application of the rationale of the *Knollwood* case, and tax exemption should not be denied as to those parts even though minor portions of two of the buildings are not used for cemetery purposes and even though the balance of the property consists of wetlands which presumably would, in any event, be unusable for cemetery purposes.

The practice of partial taxation and partial exemption of portions of the same property is amply supported by precedent. See *Milton Hosp. & Convalescent Home* v. *Assessors of Milton,* 360 Mass. 63, 70 (1971), and cases cited. The decision of the Appellate Tax Board is affirmed.

*So ordered.*