The **FIRST NATIONAL BANK OF OMAHA,** Executor of the Estate of Glenn W. McIninch, Deceased, Plaintiff,

v.

**UNITED STATES of America, Defendant.**

No. Civ. 79–0–636.

United States District Court, D. Nebraska.

Sept. 16, 1981.

Frank Matthews, Omaha, Neb., for plaintiff.

Richard H. Gregory, III, Tax Div., Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM OPINION

SCHATZ, District Judge.

This action concerns the deductibility from the gross estate for federal estate tax purposes of two "benevolent" bequests made by the decedent, Glenn W. McIninch, in his last will and testament. On December 14, 1979, the plaintiff, First National Bank of Omaha, filed suit against the United States claiming a refund of a portion of the federal estate taxes it had paid in its capacity as executor of decedent's estate. The matter was submitted to the United States Magistrate on cross-motions for summary judgment. In his proposed findings and recommendations, the magistrate determined that neither a $100,000 bequest in trust for the benefit of the Walnut Grove Cemetery Association nor a $20,000 bequest to the Fontenelle Chapter of the Order of Eastern Star was restricted exclusively for charitable purposes and, therefore, could not be deducted from the value of decedent's gross estate under the provisions of 26 U.S.C.A. § 2055(a)(3).

In addition to reviewing the magistrate's proposed findings and the respective briefs of the parties, this Court has examined the CCH Estate & Gift Tax Reporter and BNA Tax Management portfolio in an attempt to locate any recent developments in this area of federal estate tax law. Although plaintiff remains adamant that the magistrate has missed the point here, it must be concluded that the magistrate has driven this particular nail squarely and true.

■ It should initially be noted that plaintiff has not specifically objected to the magistrate's proposed finding as to the nondeductibility of decedent's $20,000 bequest to the Fontenelle Chapter, Order of Eastern Star. Since the Court's research has revealed that such an unrestricted devise to a fraternal benefit society is not exclusively charitable despite the legatee's willingness to use the money for charitable purposes, the magistrate's finding therein must stand.

The pertinent provisions of 26 U.S.C.A. § 2055(a) are as follows:

(a) In general.—For purposes of the tax imposed by Section 2001, the value of the taxable estate shall be determined by deducting from the value of the gross estate the amount of all bequests, legacies, devises, or transfers—

\* \* \* \* \* \*

(2) to or for the use of any corporation organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, . . . ;

(3) to a trustee or trustees, or a fraternal society, order, or association operating under the lodge system, but only if such contributions or gifts are to be used by such trustee or trustees, or by such fraternal society, order, or association, exclusively for religious, charitable, scientific, literary, or educational purposes, . . . ;

■ Plaintiff concedes that if the trust bequest in favor of the Walnut Grove Cemetery Association is to qualify as a federal estate tax charitable deduction, it must be pursuant to 26 U.S.C.A. § 2055(a)(3) as a transfer to a trustee to be used by such trustee exclusively for charitable purposes. Plaintiff thus bears the burden to show that such bequest is of funds to be used by the cemetery association strictly for charitable purposes.

■ The Internal Revenue Service has consistently maintained the position that a bequest to a trustee or board of trustees for the perpetual care of a non-profit cemetery, owned by a corporation other than a religious organization, will not qualify for the estate tax charitable deduction since it is not exclusively for religious or charitable purposes within the meaning of Section 2055(a)(3) of the Code. Rev.Rul. 67–170, 1967–1 Cum.Bull. 272. That revenue ruling contains the following relevant language:

In the interpretation and application of the Internal Revenue Code relating to charitable deductions for Federal tax purposes, the courts have held that a cemetery engaged in the business of selling lots for burial purposes is not considered to be one that is operated exclusively for charitable purposes. The fact that a person who can pay the price is not excluded from becoming a purchaser of a lot, or that one unable to pay is not forbidden free burial in the cemetery, does not necessarily constitute it as an organization or association operating exclusively for charitable purposes.

■ Plaintiff raises essentially three arguments in support of its position that the $100,000 trust fund bequest for the benefit of the Walnut Grove Cemetery Association should qualify for deduction from the value of decedent's gross estate as a devise to be used exclusively for charitable purposes. First, plaintiff contends that because the bequest in favor of Walnut Grove is to a trust defined as charitable by Nebraska law, such bequest must necessarily be deductible for federal estate tax purposes as one made to a trustee for charitable purposes. It is true Section 12–511, R.R.S.Neb. 1943, declares that the perpetual care funds and perpetual special care trusts authorized by Section 12–510 "shall be deemed to be for charitable and benevolent uses." It is also true that the McIninch bequest was designated as a perpetual care trust fund created pursuant to Section 12–510, R.R.S.Neb.1943. The governing rule is clear, however, that state law may be controlling in a federal taxing situation only when the federal taxing statute, by express language or necessary implication, makes its own operation dependent upon state law. *Mississippi Valley Trust Co. v. Commissioner*, 72 F.2d 197, 200 (8th Cir. 1934), *cert. denied*, 293 U.S. 604, 55 S.Ct. 119, 79 L.Ed. 695 (1934). As the magistrate found, nothing in 26 U.S.C.A. § 2055(a) even suggests that a federal court must accept the Nebraska statute's pronouncement that a cemetery association's perpetual care trust funds are deemed to be charitable in nature. Plaintiff's argument as to the effect of Nebraska law on this bequest must consequently be rejected.

Second, plaintiff seems to argue that this action should be treated by the Court as a case of first impression. Plaintiff attempts to distinguish the decided cases as involving claims for deduction under Section 2055(a)(2) (bequests to any corporation organized and operated exclusively for charitable purposes), whereas this suit involves an executor claiming a deduction under Section 2055(a)(3) (transfer to a trustee to be used exclusively for charitable purposes). In plaintiff's view, therefore, the cases relied upon by the government, having been

decided under a different statutory subsection, are not in point and not determinative here. This argument, however, ignores the fact that those cases (which have held that maintenance and beautification of a cemetery are not charitable activities as envisioned by the Tax Code) turned on the meaning to be given the phrase "exclusively for ... charitable ... purposes" and not on the different wording of subsections (2) and (3) of Section 2055(a).

In *Child v. United States*, 540 F.2d 579 (2d Cir. 1976), *cert. denied*, 429 U.S. 1092, 97 S.Ct. 1104, 51 L.Ed.2d 538 (1977), the Court of Appeals held that a non-profit cemetery association was not exclusively charitable because its activities were not historically infused with charitable functions, it did not make a practice of providing free burial to indigents, and the sale of burial plots was not merely "incidental" or "auxiliary" to its operations. 540 F.2d at 582, 584. Responding to the executor's suggestion that the purposes of the trust were exclusively charitable even if the cemetery itself did not qualify as a charitable organization, the *Child* court noted, "In our view, however, the upkeep of a cemetery which does not have an exclusively charitable purpose cannot be said to be an exclusively charitable function." 540 F.2d at 581 n. 4. *See also Gund's Estate v. Commissioner*, 113 F.2d 61 (6th Cir.), *cert. denied*, 311 U.S. 696, 61 S.Ct. 134, 85 L.Ed. 451 (1940); *Bank of Carthage v. United States*, 304 F.Supp. 77 (W.D.Mo. 1969); *Estate of Amick v. Commissioner*, 67 T.C. 924 (1977).

The above cases are entitled to be accorded substantial weight herein, especially in view of the absence of persuasive authority to the contrary. Plaintiff's argument that deductibility of the bequest to the Walnut Grove Association is indicated in this case because the executor happens to be proceeding under Section 2055(a)(3) rather than under Section 2055(a)(2) is consequently not well taken.

Third, plaintiff asserts that, all legal technicalities aside, common sense dictates that the purposes of the McIninch Perpetual Care Trust Fund, namely burial of the dead and maintenance and beautification of their graves, are undeniably charitable. Plaintiff implies that the I.R.S. policy of disallowing as estate tax deductions those bequests made in favor of non-profit cemetery associations is unfair, irrational and out of step with the values of contemporary society. *See Child, supra*, 540 F.2d at 585–88 (dissenting opinion). While there is reason and force in this argument, little or no judicial authority exists to support plaintiff's position. It is fundamental that a tax deduction is allowable only if it is specifically authorized by the Internal Revenue Code, *New Colonial Ice Co. v. Helvering*, 292 U.S. 435, 440, 54 S.Ct. 788, 790, 78 L.Ed. 1348 (1934), *Edwards v. Phillips*, 373 F.2d 616, 618 (10th Cir.), *cert. denied*, 389 U.S. 834, 88 S.Ct. 38, 19 L.Ed.2d 94 (1967), and that proof of entitlement to a tax deduction must rest upon more than a doubt or ambiguity, *Commissioner v. Sternberger's Estate*, 348 U.S. 187, 190 n. 3, 75 S.Ct. 229, 231 n.3, 99 L.Ed. 246 (1955).

At the Walnut Grove Cemetery, as at the Oak Hill Cemetery discussed in *Bank of Carthage, supra*, it appears that the rich, the poor, and the middle class are treated alike. As the magistrate found, a paupers' field is no longer maintained at Walnut Grove, and the only precondition for burial there is purchase of a grave space. In such circumstances, it cannot be said that the direct beneficiaries of the McIninch perpetual care trust fund are poor persons rather than any and all persons indiscriminately. Therefore, "the conclusion is inescapable that the trust property and funds are not used *exclusively for charitable purposes.*" *Bank of Carthage, supra*, 304 F.Supp. at 80.

After giving the matter careful reflection, the Court has concluded that this is not the proper case to "bring the IRS position on this point into step with ... the tune of the times." Plaintiff's brief at 24–25. Under existing law the bequest to the Walnut Grove Cemetery Association simply does not qualify for deduction from the value of decedent's gross estate as a devise to a trustee to be used exclusively for charitable purposes. Accordingly, this Court

adopts the magistrate's proposed findings and recommendations in all respects and will enter an order accordingly.